[No. 700.   September 25, 1896.]

## IN RE APPLICATION OF FRANCISCO GONZA-
## LES Y BORREGO, ANTONIO GONZALES
## Y BORREGO, LAURIANO ALARID, AND
## PATRICIO VALENCIA; HABEAS CORPUS.

HABEAS CORPUS—APPEAL.—An appeal will not lie from the supreme
court of this territory to the supreme court of the United States in
habeas corpus cases.   Cross v. Burke, 146 U. S. 82; In re Lennon,
150 U. S. 393; In re Delgado, 140 U. S. 586, distinguished.

APPLICATION DENIED.

No briefs filed.

PER CURIAM.—In this case it is claimed that an
appeal should be granted from this court discharging
the writ of habeas corpus upon the return made thereto

by respondent, and remanding the petitioners, to the supreme court of the United States.

Counsel for petitioners base their claim for the allowance of an appeal upon two grounds: First, that an appeal is distinctly provided for by the act of 1874, embodied in section 1909 of the Revised Statutes, and by section 10 of the Organic Act for New Mexico; and, second, that it should be allowed under the act of congress of March 3, 1885, entitled "An act regulating appeals from the supreme court of the District of Columbia, and the supreme court of the several territories."

It must be conceded that, unless the portions of sections 1909 and 10, supra, relating to appeals and writs of error in habeas corpus proceedings are superseded or repealed by the act of March 3, 1885, the allowance of an appeal is mandatory in this character of case, but if said act governs us in this matter, we must then look to it to ascertain if an appeal lies.

HABEAS corpus: appeal.

We think that the reasoning in Cross v. Burke, 146 U. S. 82, is controlling on this question, and leads irresistibly to the conclusion that just as for the District of Columbia the act of March 3, 1885, covered the entire subject of appeals except as under section 5 of the act of 1891, for the establishment of circuit courts of appeal, so also it covers the entire subject of appeals from supreme courts of territories, the supreme court of the United States (the act of 1891 providing in no way for such appeals). All antecedent legislation, therefore, providing for appeals from territorial supreme courts we must consider superseded by the comprehensive plan created by the act of 1885.

And apt illustration as to how section 10 of our Organic Act, and section 1909, Revised Statutes, pass entirely from consideration as no longer existing legis-

lation is shown by the argument in the opinion by the chief justice in Cross v. Burke, supra, pointing out how section 764, Revised Statutes, no longer applies to the District of Columbia, because of the said act of March 3, 1885.

But it is urged that under said act of March 3, 1885, an appeal lies under the terms of section 2, because it is claimed that the justice who tried the cause, and who amended the record, while the same was on writ of error in this court, was acting without authority of law, while pretending to act under an authority of the United States, and that everything done by him was CORAM NON JUDICE.

It is unnecessary for us to say whether or not the application for the writ of habeas corpus distinctly draws in question such exercise of authority, as in our view even if it did, appeal would not lie in habeas corpus cases. Whatever might be our impression as to this, Cross v. Burke, supra, is again controlling on this question. We quote as sufficient on this subject from that opinion: "It is well settled that a proceeding in habeas corpus is a civil and not a criminal proceeding." Farnsworth v. Montana, 129 U. S. 104; Ex parte Fow Tong, 108 U. S. 556; Kurtz v. Moffitt, 115 U. S. 487. The application here was brought by petitioner to assert the civil right of personal liberty against the respondent, who is holding him in custody as a criminal, and the inquiry is into his right to liberty notwithstanding his condemnation.

In order to give this court jurisdiction under the act of March 3, 1885, last referred to, the matter in dispute must be money, or some right, the value of which in money can be calculated and ascertained. And as in this case the matter in dispute has no money value, the result is, no appeal lies. This reasoning is affirmed in In re Lennon, 150 U. S. 393.

It is to be said that territorial supreme courts occupy as to right of appeal in habeas corpus cases the same position that the supreme court of the District of Columbia occupied between March 3, 1885, and the passage of the act of 1891, referred to, the last named act affecting the District of Columbia, but not the territories.

The case In re Delgado, 140 U. S. 586, is called to our attention, as showing an appeal from this court in a habeas corpus proceeding, but it is to be remarked as to that case, that the point was not made as to there being no right of appeal from this court to the United States supreme court, and therefore it should not be considered an authority in the light of the cases of Cross v. Burke and In re Lennon, supra.

Wherefore it is considered that there being no authority of law to grant the appeal prayed for, it should be denied.