[No. 1517, May 31, 1913.]

In Re DOROTHY B. FULLEN, on Motion to Retax Costs.

### SYLLABUS (BY THE COURT).

1. A proceeding in habeas corpus is in a restricted sense a civil proceeding.

2. The taxing of costs under the terms of the bond, by this court, is not an exercise of discretion, but is in pursuance of section 2812 of the statute.

3. The evident intention of the Legislature under section 2812 is that the petitioner might advance the costs to the person in charge of the prisoner or that the officer might require bond for the payment of all costs.

4. The record is necessary for the decision and the costs of its preparation are properly taxable.

Habeas corpus.

### OPINION OF THE COURT.

HANNA, J.—The costs of this proceeding having been taxed against this petitioner, a motion to retax is now presented, on behalf of petitioner, for our consideration.

It is argued in support of this motion, first, that at the

common law a court could not tax costs in a habeas corpus proceeding, and in the absence of statutory authority, the court is without discretion in taxing such costs.   Second, the question of the taxing of costs in this proceeding falls within the scope of sec. 3148 of the Compiled Laws of 1897, which reads as follows:

"For all civil actions or proceedings of any kind, the party prevailing. shall recover his costs against the other party, except in those cases in which a different provision is made by law."

This question has presented many difficult matters for our consideration.   We find that it has been held by the Territorial Supreme Court in the case of In re Borrego, et al., 8 N. M. 657, that, "It is well settled that a proceeding in habeas corpus is a civil and not a criminal proceeding."   Citing Farnsworth v. Montana, 129 U. S. 104; Ex parte Fow Tong, 108 U. S. 558; Krutz v. Moffitt, 115 U. S. 487.   Much controversy has arisen with respect to the proceedings, as to whether it is a civil or criminal action, or a special proceeding, and the purpose of the determination has usually been necessary to fix the jurisdiction of the reviewing court.   We have examined numerous authorities, and are disposed to agree with the Supreme Court of Wisconsin, which says:

"The issuance of a writ of habeas corpus is to all intents and purposes the commencement of a civil action, not an action strictly so called within the meaning of the statute (sec. 2629) but in the same sense that proceedings to enforce the remedy by mandamus and proceedings by writ of error are civil suits as has been repeatedly held * * * Whether the issuance of such a writ be called by the code the commencement of a civil action or special proceeding, it is to all intents and purposes the commencement of a suit and the final determination thereof is a final judgment in suit or proceeding, in the nature of a civil action."   State ex rel Durner v. Huegin, 110 Wis. 189, 62 L. R. A. 700.

In considering the question of costs, we find that this court, at the time of the presentation of the petition, required the cost bond provided for in sec. 2812, C. L. 1897, the pertinent provision of which section is as follows:

"The officer granting the writ may, in his discretion, require a bond in a penalty not exceeding one thousand dollars, with sufficient sureties conditioned that the obligators will pay all costs and expenses of the proceeding, and the reasonable charges of restoring the prisoner to the person from whose custody he was taken, if he is remanded. Such bond shall run to the sheriff of the county, and be filed in the office of the clerk from which the writ issues." Sec. 2817, C. L. 1897, further provides with respect to costs as follows: "The sheriff or person who shall be required to bring up a person on habeas corpus if the prisoner be held by virtue of any legal process directed to such person as an officer, shall be entitled to the same fees and allowances as are allowed to sheriffs for removing prisoners in other cases."

We have found in our investigation that many states have fully provided for the taxation of costs in proceedings of this kind, and that such provisions are more definite than are the provisions of our statutes above referred to. It has evidently been assumed, however, by the Legislature, that the bond provided for by sec. 2812 was for the protection of the officer, and would enable him to recover not only compensation for actual moneys disbursed, reinbursement for all costs and expenses of the proceeding, but reasonable charges for restoring the prisoner to his custody, if remanded. We fully appreciate the arguments of counsel for petitioner, in their able brief, that the taxation of costs against the petitioner penalizes the petitioner and puts upon him an undue burden which should not be imposed in a proceeding of this character. With this contention we fully agree, and think that the condition should be speedily remedied by the Legislature, as we can readily contemplate a case where the fees which might be demanded would preclude petitioner availing himself of this remedy, which has so long been a bulwark of liberty.

The bond executed in this proceeding was in the sum of $500 conditioned that the principal, Sarah B. Metcalf, and her surety, would pay all legal fees, costs and

expenses and reasonable charges incurred in said proceeding. It does not seem to us that the taxing of costs under the terms of the bond against the principal and surety, or either of them, is an exercise of discretion by this court, but is, on the other hand, the result of the procisions of sec. 2812, which, however erroneous and burdensome, must be enforced by us until a different provision is made by law. It was evidently the intention of the Legislature that the petitioner might be required to either advance the costs to the person in whose custody the prisoner is, as is also provided by sec. 2812, but that the officer granting the writ might require bond, conditioned for the payment of all costs and expenses of the proceeding. Some states require that the county shall pay the costs incurred by officers in cases such as this, and justice would seem to require that such should be the rule, but we do not have such a statute, and the legislature on the contrary intended that the petitioner should pay the costs and expenses of the proceeding.

We also note that a portion of the costs are for the stenographer's fees, which were ordered to be sent by certiorari issuing out of this court in this proceeding. We cannot see, however, but that such items of expense are within the purview of the language used in sec. 2812, i. e., "the costs and expenses of the proceeding." The record is certainly a necessary thing to have in passing upon the proceeding, and would seem to be an incidental item of costs in connection therewith.

For the reasons given, we are under the necessity of denying the motion to retax costs, and it is so ordered.