**MARTIN v. HIATT, Warden.**

No. 12666.

United States Court of Appeals
Fifth Circuit.

May 9, 1949.

Rehearing Denied May 25, 1949.

Joe Freels Martin, of Atlanta, Ga., in prop. per.

Walter G. Cooper, of Atlanta, Ga., for amicus curiae Robt. Clayton St. Clair.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This is another of the more than 1500 petitions for habeas corpus that have been filed in recent years in the Atlanta Division of the United States District Court for the Northern District of Georgia, wherein release from the custody of the United States Penitentiary at Atlanta has been sought.

The petitioner here, who was sentenced to imprisonment for three years for vio-

---

2 Sec. 29, Act of Sept. 24, 1789, 1 Stat. 73, 88.

lation of the National Motor Vehicle Theft Act, Title 18, U.S.C., Sec. 408 [now §§ 2311–2313], by the United States District Court for the Eastern District of Kentucky, alleges that he was illegally held in custody without arraignment or bail from May 7 to May 21, 1948, contrary to the Fifth and Fourteenth Amendments of the Federal Constitution; that between these dates petitioner was subjected to repeated and protracted questioning by members of the Kentucky State Highway Patrol and of the Federal Bureau of Investigation, during which "petitioner was threatened and coerced by use of reference to his past record and threatened reprisal against a young lady in company of petitioner at the time of his arrest"; that he was advised that if he would sign a confession, the young lady in question would be released and he would be given an early trial rather than having to wait until the October term of the Court; that petitioner took notice of this advice and having the welfare of the young lady in mind, as well as the threats of irrelevant matters, and being ignorant and untutored and without the advice of counsel or friends, he agreed to, and did, sign a confession, waive indictment, and plead guilty, in consequence of which he was sentenced. In short, he alleges violation of due process in being held without bail or arraignment between May 7 and May 21, 1948, and in being intimidated into signing a statement while being so held for such period.

The writ issued and upon final hearing the petitioner's application was denied and he was remanded to the custody of the respondent because of the failure of the petitioner to comply with Sec. 2255[1] of Title 28 U.S.C.A., which reads in part as follows:

"§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time."

\*   \*   \*   \*   \*   \*

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner, appealing here, asserts that Sec. 2255 is in violation of Article 1, Sec. 9, Clause 2, of the Federal Constitution, which provides that:

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

Concededly the great writ of habeas corpus has not been, and could not be, suspended by Congress in the absence of a rebellion or invasion, and the sole question presented to us is whether or not Sec. 2255 is tantamount to a suspension of the writ.

The great writ is of such antiquity that its origin is unknown, but from its inception as a writ designed to put people in jail rather than to get them out[2] its status has been far from static.

No attempt will be made here to trace its development through the ages, but it is interesting to note that since the First Judiciary Act of 1789 the statutes have provided that judges of the Supreme and District Courts of the United States should have the right to issue writs of habeas corpus, etc., "which may be necessary for the exercise of their respective jurisdic-

---

[1] The order of the Court erroneously refers to the section as 2455 of Title 28 U.S.C.A. but the record clearly shows that the section involved was 2255 of Title 28 U.S.C.A.

[2] Jenks, 18 Quarterly Law Review (1902), p. 64, et seq.

352

tions, and agreeable to the principles and usages of law." [3]

From time immemorial it was thought that trial courts, State and Federal, had been invested with the primary duty of safeguarding the constitutional rights of defendants, and from the time of the enactment of the statute of 1789 until the present the courts have held in at least half a thousand cases that the writ of habeas corpus cannot be used as a substitute for a writ of error or an appeal.

But for some reason, not readily discernible, there seems to have grown up the notion that final judgments in criminal trials in the lower courts should be attended by no favorable presumptions, and that only in the higher courts of the United States does constitutional justice really abide. In drawing to such courts the power through habeas corpus to supervise the "intrinsic fairness" of criminal trials [4] in both State and Federal courts, there has been not only a disinclination to accord full faith and credit to final judgments of trial courts of competent jurisdiction but also a readiness to grant permission to petitioners, admittedly guilty of serious offenses, to dispute, orally, collaterally, and as often as they chose, the solemn records and final judgments of the courts.

It is not subject to argument that the great writ cannot be suspended in times of peace, but the proposition is also undebatable that it ought not to be abused in times of war or peace. It was doubtless to these ends that Congress passed Chap. 153, Title 28 U.S.C.A., §§ 2241 to 2255, inclusive, whereby to provide that an attack upon a final judgment of conviction by a Federal court in a criminal case ought usually to be made first in the court that rendered such judgment, proximate to which the records, the witnesses, and the alleged despoilers of constitutional rights generally reside. It was doubtless believed that there the petitioners could get at these despoilers in frontal, rather than collateral, attacks, no more handicapped by estoppels of records or judgments than if the attacks were made in places far remote if they also alleged that the violated Constitution or "in-

trinsic fairness" [5] was on their side. Then, if such a petitioner's effort were an ineffective test or if he failed to succeed in the court that had cast the yoke upon him, the right of appeal would still be his; and if either or both of these efforts should prove inadequate, then he should still have access to the great, age-old, and grossly abused writ of habeas corpus ad subjiciendum.

The right to the writ has never been absolute. The statute from 1789 until the present has required that for the writ to issue it must be "agreeable to the principles and usages of law." The petition must be in writing and under oath. Section 454 [now § 2242], Title 28 U.S.C.A. If the petitioner be held under a judgment of a State court, a showing that he has exhausted his State remedies or that the State affords him no remedy is a condition precedent to maintaining the writ in the Federal court. If petitioner appeals from a judgment of a court of the United States in a proceeding where the detention complained of is by virtue of process issued out of a State court, Sec 466 [now § 2253], Title 28 U.S.C.A., provides that no appeal will be allowed unless the judge of the United States court who rendered the final decision, or a judge of the appellate court, certifies that there is probable cause for the appeal.

The procedure in habeas corpus has been the subject of change by legislation down through the centuries but the intent and purpose of the writ have remained substantially unchanged. In the passage of Chapter 153, supra, Congress has not undertaken to suspend the writ but has set up procedure that is designed to supply a more appropriate remedy to those unlawfully detained as well as to preserve the writ for those who are entitled to it and at the same time to protect it from abuse by those who do not deserve it, but who clamor for it incessantly. The additional remedy provided above has not ended or suspended the writ of habeas corpus although it may have lessened its abuse by placing some emphasis on the finality of final judgments against collateral attacks without limit, thereby rendering perjury

---

[3] See 1 Stat. 81, Sec. 377, Title 28 U. S.C.A.; § 1651, Title 28 U.S.Code Annotated Judiciary and Judicial Procedure.

[4] Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172.

[5] Carter v. Illinois, supra.

less tempting to those of little veracity, convenient memory, or evil purpose.

■■ The Act in question has had the approval of the Judicial Conference of Senior Circuit Judges, the Congress of the United States, and United States District Courts in the cases of Lowe **v.** Humphrey, Warden, 80 F.Supp. 442, and Wong v. Vogel, 80 F.Supp. 723. Moreover, a presumption of constitutionality attends the Act. The provisions of Sec. 2255—which are the only provisions of the chapter here under consideration—whether viewed as an additional method of testing the validity of a detention or as conditions precedent to the issuance of a writ, appear not only to be reasonable and valid but also as a highly desirable means of lessening the abuse of the writ.

The judgment of the lower Court is affirmed.