**UNITED STATES v. ANSELMI.**

**UNITED STATES ex rel. ANSELMI v. ATTORNEY GENERAL et al.**

**Nos. 11027, 11055.**

United States Court of Appeals, Third Circuit.

Submitted June 15, 1953.

Decided Aug. 11, 1953.

Rehearing Denied Sept. 30, 1953.

Carlo L. Anselmi, pro se.

Edward C. Boyle, U. S. Atty., and Philip O. Carr, Asst. U. S. Atty., Pittsburgh, Pa., for appellees.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

Carlo L. Anselmi, the present appellant, was convicted by a jury in the United States District Court for the Western District of Pennsylvania upon two indictments charging him with using the mails to defraud and on November 14, 1951 was sentenced to 42 months' imprisonment upon both indictments. Anselmi thereupon filed notices of appeal. On June 2, 1952 upon motion of the Government his appeals were ordered by this court to be docketed and dismissed for want of prosecution. Motions by Anselmi to redocket the appeals were denied on September 25, 1952 and petitions for rehearing were denied by this court on December 5, 1952. A writ of certiorari was denied by the Supreme Court on May 4, 1953. Anselmi v. United States, 345 U.S. 947, 73 S.Ct. 868.

On November 20, 1952 Anselmi filed a motion pursuant to section 2255 of title 28 United States Code, seeking to have the district court vacate the sentence which it had imposed on him. Anselmi was then in the federal Penitentiary at Lewisburg but was returned to Pittsburgh and hearings on his motion were held by the district court there in January 1953. On January 20, 1953 while he was in Pittsburgh Anselmi filed a petition for a writ of habeas corpus in the district court, which was denied by the court on January 20, 1953. His motion filed under section 2255 was denied by the court on February 6, 1953. The ap-

peals now before us were taken by Anselmi from these two orders of denial.

■ In his motion filed under section 2255 Anselmi raised a number of questions with respect to his trial and conviction. Most of these were alleged trial errors which he was not entitled to raise either under section 2255 or on an application for a writ of habeas corpus. All of them were fully considered and correctly disposed of by Judge Marsh in his opinion denying the motion. We, therefore, need not discuss them in detail. Nor need we discuss in detail the action of the district court in denying Anselmi's application for a writ of habeas corpus. In view of the pending motion under section 2255 that action was clearly proper.

■■ Anselmi raises in this court a constitutional question which calls for brief discussion. He urges that section 2255 of title 28 is unconstitutional because it operates to suspend the privilege of the writ of habeas corpus in violation of Article I, section 9, clause 2, of the Constitution. We do not agree. On the contrary, section 2255 is a remedial statute the purpose of which is to afford to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus but in a more convenient forum, the original trial court. To limit the prisoner to this remedy, except when it is inadequate or ineffective to test the legality of his detention, as section 2255 does, is not to suspend the writ of habeas corpus. So long as there is open to the prisoner an adequate and effective remedy in one court, with full right of review by appeal and petition for certiorari, it is not a suspension of the writ to withhold jurisdiction from other federal courts. Martin v. Hiatt, 5 Cir., 1949, 174 F.2d 350; Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S. Ct. 234, 95 L.Ed. 650.

■ Indeed it would appear that the complete denial of the writ of habeas corpus to convicted federal prisoners would not violate the Constitution. For under the English Habeas Corpus Act of 1679, 31 Car. II, c. 2, as well as under the common law in force when the Constitution was adopted, habeas corpus was not available to persons convicted of crime to test the legality of their conviction. Ex parte Watkins, 1830, 3 Pet. 193, 28 U.S. 193, 7 L.Ed. 650. And until the passage of the Act of February 5, 1867, 14 Stat. 385, this was the rule in the federal courts. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. In any event it is clear that Anselmi had a full opportunity at the hearing of his motion under section 2255 to raise all the questions with respect to his prior conviction which he sought to raise by his application for a writ of habeas corpus. He accordingly was not prejudiced by the action of the district court in denying him the writ pursuant to the mandate of section 2255.

The orders of the district court will be affirmed.