325 P.2d 720

Bernard M. WEISER, Plaintiff-Appellant,

v.

ALBUQUERQUE OIL AND GASOLINE COMPANY, a partnership d/b/a Casa Grande Lodge, Defendant-Appellee.

No. 6309.

Supreme Court of New Mexico.

May 9, 1958.

138

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, Charles B. Larrabee, Albuquerque, for appellant.

Brown, White & Atkinson, Albuquerque, for appellee.

PER CURIAM.

On March 11, 1955, the plaintiff, Bernard M. Weiser, a jewelry salesman, registered at the Casa Grande Lodge, a motel located on West Central Avenue in Albuquerque, New Mexico. He had with him a sample

case containing jewelry, which he deposited at the front desk. After his evening meal he asked for, and was given, the case.

On the afternoon of the following day plaintiff after having finished calling on his customers again deposited the sample case at the desk, and was given a receipt therefor by the attendant. On Sunday, March 13th plaintiff asked for the case and it was then discovered missing.

The office of the motel was open 24 hours a day with someone on duty there at all times. A safe was available for use in depositing valuables of the guests. The sample case in question here was not placed inside the safe for the reason that it was too large to fit therein. It was therefore placed alongside the safe on the occasions it was left at the desk by the plaintiff. During the evening, in the course of which the case disappeared, the night clerk left the desk and lobby unattended on three different occasions while he showed newly registered guests to their rooms.

No one at the Casa Grande Lodge knew the nature of the plaintiff's business or the contents or value of the sample case. At the time of its deposit, it is alleged, the case contained jewelry valued at $69,225.44.

Plaintiff filed a complaint against the Casa Grande Lodge alleging on two counts the loss of the sample case and that he had been damaged in the amount of $79,375.44. After a motion to dismiss because of a technical error in the name of the defendant, the plaintiff amended his complaint naming the present defendant, a partnership, as actual owner and operator of the Casa Grande Lodge.

Defendant answered denying any negligence, denying that the value of the case or its contents were known to the management of the lodge and claiming its liability, if any, was limited by statute to $1,000. After interrogatories were made and depositions were taken, defendant moved for summary judgment as to all of plaintiff's claim over $1,000 and for dismissal of the second cause of action. Motion for summary judgment was granted and so much of the plaintiff's claim as exceeded $1,000 was dismissed.

Defendant in open court and by offer of judgment agreed to pay plaintiff $1,000 so that there would be no issue left to be tried and so that this appeal could properly be taken.

Section 49–6–1 of 1953 Compilation provides:

"*Liability of hotel keeper—Limitation.*—Hotel keepers shall be liable to their guests for loss of property brought by such guests into the hotel when such loss is caused by the theft or negligence of a hotel keeper or his servants, not to exceed the sum of one thousand dollars [$1,000]; Provided, however, that any hotel keeper who shall provide a suitable safe in his hotel for safe-keeping of any money, jewels,

ornaments or other valuables belonging to his guests and shall notify them thereof by posting a printed notice conspicuously in the rooms of such hotel that such safe has been provided for said purpose, shall not be liable for the loss of any money, jewels, ornaments or other valuables by theft or otherwise which any guest who has neglected to deposit same in such safe, may sustain."

Appellant contends, substantially, as follows: (1) That *motel* keepers are not embraced within the meaning of hotelkeepers; and (2) that the statute does not limit the liability of motel keepers for the loss of goods which are deposited with them for safekeeping. Appellee contends otherwise and insists that the appellant is embraced within the meaning of hotel keepers and that their liability is similar to hotel keepers under the above provisions of the statute.

■ Whether Casa Grande Lodge is a hotel is to be determined by the evidence of record. Neither the physical plant nor the name by which the establishment is known controls its status as a hotel. It is the services offered and facilities available that are determinative.

■ The Casa Grande Lodge consists of a main two-story building and additional guest buildings at the rear and sides of the main building. There are a total of 141 furnished guest rooms, 24 such rooms being located in the main building. Also located in the main building is a lobby with a desk for registering guests, a telephone switch board, concession and newsstand and seats for use by guests. Other services which Casa Grande Lodge furnishes include: maid service; telephone in each room; bellboy service; parking space; open 24 hours a day; meals served in rooms if desired; guests may sign meal tickets at the adjacent restaurant; ice and room service and laundry service. Guests pay when checked out.

We have noted that the Casa Grande Lodge was physically arranged in a manner different from downtown establishments commonly known as hotels. Too, the business does not use the term "hotel" in its name. Against this is the evidence of the extensive service and facilities offered to visiting guests and the manner in which the guests were treated. Appellees offered along this line all that one might expect to find at any one of the well known "downtown" hotels mentioned by appellants. Under such comparison the Casa Grande Lodge meets the definition of a hotel and comes under § 49–6–1, supra. The lower court granted summary judgment in favor of the appellees on this point. We feel it was correct in so doing. There is no case in this jurisdiction which defines a hotel or specifies what the requisites of said establishment are.

Webster's New International Dictionary, Second Edition, Unabridged, 1956, in Addenda, contains the following definition for "motel": "(From motorists' hotel). a. A *hotel* for automobile tourists. b. A group of furnished cabins or attached cottages situated near a highway, offering accommodation to tourists." 27 Words and Phrases, Cumulative Annual Pocket Part, contains the following re "motel": "The word 'motel' generally denotes a *small hotel* where lodgings are available for hire, with a minimum of personal service being furnished by the proprietor. Schermer v. Fremar Corporation, 114 A.2d 757, 760, 36 N.J.Super. 46. [Emphasis ours.]

"A 'motel' is a modern development of an inn or *hotel,* serving transients, and cannot be regarded as an 'apartment house' within the meaning of restrictive covenant. Parrish v. Newbury, Ky., 279 S.W.2d 229, 233. See, also Maturi v. Balint, 204 Misc. 1011, 130 N.Y.S.2d 122, 123, where a motel was held to be a *hotel.*" (Emphasis ours.)

In the case of Schermer v. Fremar Corporation, supra, the court said:

"In modern usage, it may be generally regarded that establishments which furnish lodging to transients, although *designated motels,* may be deemed *hotels.*" (Emphasis ours.)

Appellant's second contention is that § 49–6–1, supra, does not limit the liability of a hotel keeper for the loss of goods deposited for safekeeping with such hotel keeper. The first part of the statute which precedes the semicolon provides, in substance, that the hotel keeper can limit his liability even beyond the $1,000 if he has a safe, posts a notice, and the guest fails to deposit his valuables in the safe. No contention is made by the appellee that it posted any notice under the second part of this statute, or that its liability is thus limited.

We are concerned with the first part of the statute wherein it is provided that hotel keepers shall be liable to their guests for loss of property brought by such guests into the hotel when such loss is caused by theft or negligence of a hotel keeper or his servants not to exceed the sum of $1,000.

Appellant contends that portion applies "only in the situation in which the property of guests was lost from the guests' rooms, that is, the constructive possession situation". When in the actual possession of the hotel keeper the statute does not apply, says appellant. The basis of this contention is the history of the statute and the events that happened immediately prior to its passage.

We find this argument to be without merit. Appellant has made a thorough study of cases from other jurisdictions and has cited them in his brief. These cases cannot aid in the determination of the problem here involved because none is decided upon a statute similar to ours.

We have held that a statute is subject to construction and interpretation only when its meaning is not clear. If the language is clear and unambiguous, it must be given its literal meaning. Giomi v. Chase, 1942, 47 N.M. 22, 132 P.2d 715; Gonzales v. Sharp & Fellows Contracting Co., 1947, 51 N.M. 121, 179 P.2d 762. No other means of interpretation should be adopted if the language is unambiguous and the sense of the legislature is clear. George v. Miller & Smith, Inc., 1950, 54 N.M. 210, 219 P.2d 285.

Landrum v. Harvey, 28 N.M. 243, 210 P. 104, while decided in 1922, was not controlled by Chapter 104 of the Session Laws of 1921 or what is now section 49–6–1, supra, because the facts on which that suit was based occurred before the Act was passed. But at page 245 of 28 N.M., at page 104 of 210 P.2d of the Landrum case, supra, the court noted:

"* * * the Legislature has abolished the common-law liability of innkeepers in this regard, (loss of property by guests) and the subject is now regulated by statute."

Appellant is contending that when the guest leaves the property with the hotel keeper at the desk and a subsequent loss takes place the $1,000 limitation is not applicable. We find no basis for such an interpretation. The statute clearly and unambiguously states that the hotel-keeper's liability is limited to $1,000 for negligent loss of property brought into the hotel by the guest. In this case the sample case was brought into the hotel by the guest. Later it was stolen by a person or persons unknown to appellees. Under the wording of the statute the hotel-keeper's liability is, if he is liable at all, the amount of $1,000. The statute leaves no room for any other interpretation to be made.

Appellant's final contention is that the statute is unconstitutional under Article II, Section 18, New Mexico Constitution, which provides for equal protection of the laws. The basis of this argument is that a guest whose property is stolen by a servant of the hotel keeper, or even by the hotel keeper himself, can recover only $1,000 from the hotel keeper, while a guest whose property is stolen by a third party can recover the full amount of his loss from the hotel keeper. Upon this fact situation appellant contends that no classification could be reasonable where a guest whose property is stolen by the hotel keeper or his servant is limited in his recovery, while a guest whose property is stolen by a third person is not so limited.

Appellant's basic premise is not sound. The fallacy is in assuming that if there is a theft by a third person the guest sustaining the loss can recover the full amount of the loss from the hotel keeper. In such a case the hotel keeper will be liable if negligence can be proven against him, but not otherwise. If the loss is due to some unex-

plained cause, with no showing of fault, the hotel keeper will not be liable.

In State v. Thompson, 1953, 57 N.M. 459, at page 463, 260 P.2d 370, at page 373, this court stated:

"If it (legislation) makes no arbitrary or unreasonable distinction within the sphere of its operation and accords substantially equal and uniform treatment to all persons similarly situated, the law complies with the equality provisions (of state and federal constitutions)."

It follows from what has been said that the judgment should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., and H. VEARLE PAYNE, District Judge, concur.