391 P.2d 649

Morgan LEACH, Petitioner,

v.

Harold A. COX, Warden of the New Mexico
State Penitentiary, Respondent.

No. 55 HC.

Supreme Court of New Mexico.

April 20, 1964.

Charles B. Barker, Santa Fe, for peti-
tioner.

Earl E. Hartley, Atty. Gen., Frank
Bachicha, Jr. and Jay F. Rosenthal, Asst.
Attys. Gen., Santa Fe, for respondent.

MOISE, Justice.

In 1953 the petitioner was convicted of
the crime of rape in the district court of
Bernalillo County. He was sentenced to
a term in the state penitentiary of not less
than fifteen years and not more than twenty

years. The conviction and sentence were affirmed by this court in State v. Leach, 58 N.M. 746, 276 P.2d 514.

On April 27, 1960, petitioner was released on parole. Shortly thereafter, he was arrested in Santa Fe on an accusation of rape, but after investigation all charges against him were dropped. Nevertheless, petitioner was held in custody for violation of the terms of his parole and on June 20, 1960 was given a hearing before the parole board, and his parole revoked.

Thereupon, a petition for a writ of habeas corpus was filed in the district court of Santa Fe County and, after a hearing on August 9, 1960, an order was entered directing the warden of the penitentiary "forthwith to discharge him [petitioner] from your custody." Upon being released from the penitentiary pursuant to this order, petitioner went to California, and did not comply with the rules applicable to parolees. On October 4, 1960 the parole board ordered petitioner arrested for absconding from parole supervision and failing to report weekly to his parole supervisor. In December, 1961, petitioner was apprehended in California.

On December 8, 1961, the court order of August 9, 1960 releasing petitioner was amended by a new order which commanded the warden to release petitioner "from your custody, *to again begin service of his sentence on parole.*" Petitioner was returned to the penitentiary as a parole violator and continues to be imprisoned.

Habeas corpus having been denied by the district court of Santa Fe County, our original jurisdiction is invoked. Art. VI, § 3, N.M.Const.; In re Santillanes, 47 N.M. 140, 138 P.2d 503.

It is here asserted that when petitioner was ordered released from "custody," this was a complete release, and that he was no longer subject to the conditions imposed by parole. Further, that the order of August 9, 1960 could not be amended by order of December 8, 1961 to place petitioner back into status of a parolee. If correct in his contentions, the incarceration of petitioner would be illegal and he should be released.

Unquestionably, when the petitioner was ordered discharged from custody on August 9, 1960, it was done because the court there determined that the parole board had improperly and illegally revoked the parole under which petitioner was serving when arrested in Santa Fe. Did the order which was entered release petitioner from all restraints and restore his freedom; or did it merely return him to a parole status?

Section 41–17–24, N.M.S.A.1953, provides the answer when it says, "Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be subject to the orders of the [parole] board." This lan-

guage makes it abundantly clear that while petitioner was on parole he remained in "legal custody" of the penitentiary and its warden. Accordingly, when the court ordered him released from "custody" no basis existed for considering that this was a return to parole status. This possibility must have been recognized when the amended order of December 8, 1961 was sought and obtained. Did the amended order have the effect desired?

 The State would uphold the amendment by denominating it as one to correct a clerical mistake or an error arising from oversight or omission which, under Rule 60 of our Rules of Civil Procedure (§ 21–1–1(60) (a), N.M.S.A.1953) may be corrected at any time. Although we fully recognize that a proceeding in habeas corpus is a civil proceeding, In re Borrego, 8 N.M. 655, 46 P. 211; In re Dorothy B. Fullen, 17 N.M. 405, 132 P. 1137, we see no basis for application of this rule. If there was a mistake or an error, and we seriously question that there was, it certainly was not what we would call "clerical," or one arising from oversight or omission. See 4 Federal Rules Digest Rule 60(a); 6 Moore's Federal Practice 4041; Gray v. Dukedom Bank (C.A.6, 1954) 216 F.2d 108. An order requiring petitioner's release from "custody" of the warden was entered. Inasmuch as parole status is custodial, as already noted, it necessarily followed that the release was complete and

absolute, and not back to a parole status. Generally, when an order of discharge has been entered, if not reversed on appeal, it stands as a final and conclusive determination of the matters there determined. See State ex rel. Cacciatore v. Drumright, 116 Fla. 496, 156 So. 721, 97 A.L.R. 154; 25 Am.Jur. 251, Habeas Corpus, § 157. To permit a court to alter an order of discharge at a time and under the circumstances here present would, to our minds, create an intolerable situation not permitted by the rules. It follows that the attempt here made to amend the order so as to provide for petitioner's custody under parole was void and ineffective, and his continued incarceration is without legal authority.

 We mention in passing that on a previous occasion we considered petitioner's request for a writ and denied the same. There can be no question that such action does not have the effect of making the matters here determined res judicata. Ex parte Nabors, 33 N.M. 324, 267 P. 58; see also, United States ex rel. Almeida v. Baldi (C.A.3, 1952) 195 F.2d 815, 33 A.L.R. 2d 1407; 25 Am.Jur. 250, Habeas Corpus, § 156; note, 161 A.L.R. 1331.

It follows that the writ should be made permanent and the petitioner discharged. It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and NOBLE, JJ., concur.