Nicholas A. **STIRONE**, Petitioner-Appellant,

v.

T. W. **MARKLEY**, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 14846.

United States Court of Appeals Seventh Circuit.

April 8, 1965.

N. George Nasser, Edward L. Hamilton, Terre Haute, Ind., Lloyd F. Engle, Jr., Wilner, Wilner & Kuhn, Pittsburgh, Pa., for plaintiff-appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., for respondent-appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from the denial of a petition for the issuance of a writ of habeas corpus. Petitioner Nicholas A. Stirone is serving a ten-year sentence of imprisonment in the United States Penitentiary at Terre Haute, Indiana. He had been convicted in October, 1961 in the Western District of Pennsylvania under an indictment charging him with extortion.

In July, 1963 petitioner filed in the sentencing court a motion under the provisions of 28 U.S.C. § 2255 to vacate his sentence. He objected to the conduct of his trial on the grounds that the judge was not present at all times during the selection of the jury, the voir dire examination was conducted by a deputy clerk, and the court reporter did not take notes or transcribe the voir dire examination as required by 28 U.S.C. § 753(b).

Following a hearing the trial judge denied the motion. United States v. Stirone, D.C., 222 F.Supp. 507. Petitioner appealed from the denial to the Third Circuit Court of Appeals. While the appeal was pending, petitioner instituted in July, 1964 the instant habeas corpus proceeding. After the district court's denial of the petition and during the pendency of the instant appeal from that ruling, the Third Circuit decided the section 2255 appeal, affirming the trial court's denial of the motion. Stirone v. United States, 3d Cir., February 11, 1965, 341 F.2d 253.

In the instant proceeding the district court denied the writ on the grounds that petitioner did not show that his remedy under section 2255 was either inadequate or ineffective to test the legality of his detention.[1] We believe the ruling was correct. Petitioner sought to litigate anew the identical factual and legal issues which he presented in his section 2255 motion. In these circumstances, the district court was without jurisdiction to conduct a fresh inquiry into petitioner's claims.

The fact that the court's disposition of the section 2255 motion was adverse to petitioner, or even, *arguendo*, incorrect, does not mean that his remedy under that section was "inadequate or ineffective." If that were the rule, any adverse determination by one court of a section 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted section 2255. If predicated on facts that existed prior to the imposition of sentence, a motion under section 2255 may encompass all the grounds that might be included in a habeas corpus petition. Barrett v. Hunter, 180 F.2d 510, 20 A.L. R.2d 965 (10th Cir. 1950). The procedure under that section "was intended simply to provide in the sentencing court

---

1. 28 U.S.C. § 2255 reads in part:
   "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained * * * unless it * * * appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Of course, events subsequent to the imposition of sentence and which affect its validity may properly be the basis for a habeas corpus proceeding in the district where the prisoner is confined.

It is argued on behalf of petitioner that the disposition of his motion under section 2255 was delayed to such an extent that it became an ineffective remedy to test the validity of his sentence, thereby justifying his habeas corpus action. We are not prepared to say that a refusal to entertain a section 2255 motion or an inordinate delay in its disposition would not invoke the exception to the section's remedial exclusiveness. This kind of circumstance, however, was not present in the case before us. As noted earlier, petitioner's section 2255 motion has already been considered and disposed of by both the district court and the Third Circuit Court of Appeals. The statute does not prescribe a timetable for the ultimate disposition of a motion filed under section 2255. Petitioner's argument must be rejected.

Finally, petitioner attacks the constitutionality of section 2255. He says that although the statute purports to be a substitute for a writ of habeas corpus, it is lacking in certain essentials of the habeas corpus procedure. Specifically, petitioner contends that the procedure under section 2255 is not subject to time requirements guaranteeing an expeditious consideration and determination; makes no provision requiring the production of the prisoner where factual issues are presented; and does not require that a second or successive motion be entertained when similar relief is sought, regardless of the grounds set forth. By way of contrast, petitioner points out that 28 U.S.C. § 2243, treating issuance of the writ of habeas corpus, prescribes stringent time requirements and provides for the production of the prisoner at a hearing when an issue other than one of law is presented.

Petitioner overlooks that the courts in construing section 2255 require the presence of the movant at a hearing when there are substantial issues of fact to be resolved. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). Petitioner also overlooks the fact that the language of section 2255 providing that the sentencing court need not entertain successive motions for similar relief does not prevent more than one section 2255 motion being entertained if the grounds upon which relief is predicated are different from those urged in a previous motion. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Moreover, it should be noted that the procedures outlined in section 2243 are statutory rather than constitutional mandates. We perceive no reason why Congress cannot vary the procedures under sections 2255 and 2243 so long as the essentials of due process are preserved.

A short answer to petitioner's constitutionality contention well may be provided by some of the language in the Hayman decision. That opinion, however, also contains the following statement: "This Court will not pass upon the constitutionality of an act of Congress where the question is properly presented unless such adjudication is unavoidable, much less anticipate constitutional questions." Supra, 342 U.S. at 223, 72 S.Ct. at 274. Because of this observation we have not relied solely upon the decision in Hayman but have discussed plaintiff's contentions and conclude that section 2255 is not an unconstitutional suspension of the writ of habeas corpus.

For an even more fundamental reason section 2255 is not a deprivation of constitutional rights. Habeas corpus continues to be available when the remedy under that section is shown to be "inadequate or ineffective." The section 2255 provision merely prescribes a procedure different from that of habeas corpus whereby one may collaterally at-

tack a conviction. So long as this procedure is available with provision for habeas corpus in the event a section 2255 proceeding is "inadequate or ineffective," there is no constitutional issue.

The denial of the petition is affirmed.