423 P.2d 611

**STATE of New Mexico, Petitioner,**

**v.**

**Carl C. WEDDLE, Respondent.**
**No. 8308.**

Supreme Court of New Mexico.

Feb. 6, 1967.

See also 77 N.M. 417, 423 P.2d 609.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for petitioner.

Carl C. Weddle, pro se.

E. T. Johnson, Santa Fe, amicus curiae.

OPINION

MOISE, Justice.

Pursuant to authority contained in § 16–7–14, N.M.S.A.1953, certiorari has been granted in this case on petition of the State to review the question of jurisdiction of the Court of Appeals.

This is an appeal from an order denying release of Carl C. Weddle as sought in a motion filed by him pursuant to Rule of Civil Procedure 93 (§ 21–1–1(93), N.M. S.A.1953). The appeal was docketed in this court, and was by us transferred to the Court of Appeals under the provisions of § 16–7–10, N.M.S.A.1953. That court, in its opinion in State v. Weddle, No. 7 on its docket and filed November 21, 1966, stated that the transfer by us constituted "a final determination of jurisdiction in the Court of Appeals to decide all questions presented by the appeal," citing § 16–7–10, N.M.S.A. 1953. We quote that section:

"No matter on appeal in the Supreme Court or the court of appeals shall be dismissed for the reason that it should have been docketed in the other court, but it shall be transferred by the court in which it is filed to the proper court. Any transfer under this section is a final determination of jurisdiction. Whenever either court determines it has jurisdiction in a case filed in that court and proceeds to decide the matter, that determination of jurisdiction is final. No additional fees or costs shall be charged when a case is transferred to another court under this section."

We are now called upon to determine if the Court of Appeals has jurisdiction under § 16–7–8, N.M.S.A.1953, of an appeal taken pursuant to Rule 93(e), supra. We must also consider if the transfer made by us, as noted above, was a final determination of jurisdiction as provided in § 16–7–10, supra, and as held by the Court of Appeals.

Section 16–7–8, N.M.S.A.1953, dealing with the appellate jurisdiction of the Court of Appeals, provides as follows:

"The appellate jurisdiction of the court of appeals is coextensive with the state, and the court has jurisdiction to review on appeal:

A. any civil action which includes a count in which one [1] or more of the parties seeks damages on an issue based on tort, including but not limited to products liability actions;

B. all actions under the Workmen's Compensation Act [59–10–1 to 59–10–37], the New Mexico Occupational Disease Disablement Law [59–11–1 to 59–11–42] and the Subsequent Injury Act [59–10–126 to 59–10–138];

C. criminal actions except those in which a judgment of the district court imposes a sentence of death or life imprisonment;

D. actions for violation of municipal or county ordinances where a fine or imprisonment is imposed;

E. decisions of those administrative agencies of the state where direct review by the court of appeals is provided by law; and

F. decisions in any other action as may be provided by law."

It is quite apparent that an appeal from an order entered on a motion seeking the vacating, setting aside or correcting of a sentence under Rule 93 does not fit into any of the areas of appellate jurisdiction granted to the Court of Appeals unless it can be considered as an appeal in a criminal case under § 16–7–8(C), supra.

■ There can be no doubt that Rule 93 was copied from 28 U.S.C.A. § 2255. It is a postconviction remedy not previously available to prisoners in custody. It has not been replaced or supplanted habeas corpus which is not suspended, as indeed it could not be under Art. I, Sec. 9, U.S. Const., and Art. II, Sec. 7, N.M. Const. In support of this we quote the following from United States v. Anselmi (3rd Cir., 1953) 207 F.2d 312, cert. denied, 345 U.S. 947, 97 L.Ed. 1371, 73 S.Ct. 868:

"Anselmi raises in this court a constitutional question which calls for brief discussion. He urges that section 2255 of title 28 is unconstitutional because it operates to suspend the privilege of the writ of habeas corpus in violation of Article I, section 9, clause 2, of the Constitution. We do not agree. On the contrary, section 2255 is a remedial statute the purpose of which is to afford to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus but in a more convenient forum, the original trial court. To limit the prisoner to this remedy, except when it is inadequate or ineffective to test the legality of his detention, as section 2255 does, is not to suspend the writ of habeas corpus. So long as there is open to the prisoner an adequate and effective remedy in one court, with full right of review by appeal and petition for certiorari, it is not a suspension of the writ to withhold jurisdiction from other federal courts.

Martin v. Hiatt, 5 Cir., 1949, 174 F.2d 350; Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650."

See, also, Stirone v. Markley, 345 F.2d 473 (7th Cir., 1965); Anno., 20 A.L.R.2d 976, 998; Anno., 96 L.Ed. 244, 251.

■ Is the proceeding seeking release from custody civil or criminal? We know that habeas corpus has long been recognized by us as a civil proceeding, Leach v. Cox, 74 N.M. 143, 391 P.2d 649; In re Borrego, 8 N.M. 655, 46 P. 211. This accords with the prevailing view as to the nature of the proceeding. 25 Am.Jur. 151, Habeas Corpus, § 12. In line with the theories upon which habeas corpus proceedings have been held to be civil, actions in federal court under 28 U.S.C.A. § 2255, have also been held to be civil and governed by the rules of civil procedure. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959); Martin v. United States, 273 F.2d 775, 777 (10th Cir., 1960); Hixon v. United States, 268 F.2d 667 (10th Cir., 1959); United States v. Williamson, 255 F.2d 512, 515 (5th Cir., 1958); Estep v. United States, 251 F.2d 579, 581 (5th Cir., 1958); Taylor v. United States, 229 F.2d 826, 832 (8th Cir., 1956).

■ As previously noted, we adopted our Rule 93 from 28 U.S.C.A. § 2255, and accordingly the interpretation placed on that section by the federal courts is persuasive of the meaning of the identical rule adopted by us. Lopez v. Singh, 53 N.M. 245, 205 P.2d 492.

■ The federal cases passing on the rule have uniformly concluded that the proceeding is civil as distinguished from criminal. We know of no exception. Similarly, in those states which have adopted 28 U.S.C.A. § 2255 by statute or rule, we find uniform holdings that the proceeding is civil. See State v. Richardson, 194 Kan. 471, 399 P.2d 799; 12 Kan.L.R. 493, 495; Crownover v. Shannon (Fla., 1964) 170 So.2d 299. We see no escape from the conclusion that actions under Rule 93 should be considered to be civil.

■ Having so concluded, is it still possible to bring the proceeding within the terms of § 16-7-8(C), supra? That it is not, would seem to be obvious. We see no language of the legislature that could be considered to be ambiguous in this regard, so as to present a question of interpretation. We only enter upon a process of interpretation when language of a statute is ambiguous, and to ascertain legislative intent. Torres v. Gamble, 75 N.M. 741, 410 P.2d 959; Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200; Weiser v. Albuquerque Oil & Gasoline Co., 64 N.M. 137, 325 P.2d 720. We see nothing in words used by the legislature which can remotely be considered to have contemplated appeals

under Rule 93 as appeals in "criminal actions" as that term is used in § 16-7-8(C), supra.

In light of the above, what is the effect of our having entered an order transferring the appeal to the Court of Appeals? Art. VI, Sec. 2, N.M. Const., grants certain appellate jurisdiction to the Supreme Court and provides it shall have "additional appellate jurisdiction as may be provided by law." Similarly, Art. VI, Sec. 29, N.M. Const., provides that the Court of Appeals "shall exercise appellate jurisdiction as may be provided by law." We have set forth above § 16-7-8, N.M.S.A.1953, specifying the jurisdiction granted to the Court of Appeals. In § 16-7-14, N.M.S.A.1953, the legislature provided that the appellate jurisdiction of the Supreme Court "extends to all cases where appellate jurisdiction is not specifically vested by law in the court of appeals." Since the Court of Appeals is granted jurisdiction in specific cases, not including Rule 93 proceedings, it necessarily follows that the appeal in these proceedings must be to the Supreme Court, where the jurisdiction of all appeals in cases not specified is placed.

We need not decide, but merely express a doubt that the legislature intended by the language used in § 16-7-10, supra, to vest in either the Court of Appeals or the Supreme Court, the power to alter jurisdiction, as provided in § 16-7-8, supra, and § 16-7-14, supra.

Based on the foregoing, we are convinced that our order transferring this appeal was improvidently entered, and should be set aside and the cause returned to this Court.

In addition to the application for a writ of certiorari filed by the Attorney General on behalf of the State, we notice an instrument filed pro se by the defendant and denominated "A Laymans Application for the Motion of Appeal 'For Review.'" Under Supreme Court Rule 29(2), a petition for a writ of certiorari must be filed "within twenty days after final action by the Court of Appeals." Defendant's application was late, and not entitled to consideration. However, no prejudice resulted thereby in view of the fact that our writ of certiorari issued, and we have here determined that jurisdiction of the appeal is properly in this Court.

We would add a word of appreciation and commendation to E. T. Johnson, Esq., who, at the request of the Court, so ably briefed the question of jurisdiction disposed of herein.

For the reasons stated, the transfer heretofore entered is withdrawn and the cause reinstated on the docket of this Court. The Clerk is directed to file in Cause No. 8203 the entire record of Cause

No. 7 as received from the Court of Appeals.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.

NOBLE and COMPTON, JJ., dissent.

NOBLE, Justice (dissenting).

In my view, the majority holding that jurisdiction to review motions filed under Rule 93 lies exclusively in the Supreme Court is erroneous. First, because it appears to be implicit in the reasoning that the post-conviction remedy afforded by Rule 93 simply provides in the sentencing court a remedy which had previously been available by habeas corpus in the court of the county where the prisoner is confined; and secondly, in holding the proceeding seeking release from custody under Rule 93 to be a civil proceeding or one in the nature of a civil proceeding rather than criminal.

The basis of the majority opinion lies in the conclusion that the Rule 93 proceeding is civil and, accordingly, not within the language of the appellate jurisdiction granted to the court of appeals. I not only find no basis for that conclusion, but I am convinced that the proceeding under our rule is criminal in nature, providing only a method of seeking relief from a criminal conviction.

The majority opinion rests upon the general rule that in adopting a statute of another jurisdiction, it will be presumed that we adopted the prior construction of the statute by the federal courts including its designation as a civil proceeding. I recognize the force of our decisions so holding, but in McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250, this court said:

"It will not be presumed that the legislature intended to adopt a construction not in accord with sound reasoning, common sense, or that would render the statute inconsistent with other laws intended to be retained, or the public policy of the adopting state."

See, also, Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006; White v. Montoya, 46 N.M. 241, 126 P.2d 471; State v. Reed, 39 N.M. 44, 39 P.2d 1005, 102 A.L.R. 995; and Beals v. Ares, 25 N.M. 459, 185 P. 780.

In determining whether the federal decisions construing § 2255 to be a civil proceeding are persuasive, we must start with an analysis of those decisions and compare the power of the federal courts in habeas corpus with that of the New Mexico courts. The federal courts have said that procedure for vacation of criminal sentences provided by § 2255 was designed to serve the same purpose as the extraordinary writ of habeas corpus, and was intended to provide the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court

where the prisoner was confined. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Arellanes v. United States, 353 F.2d 270 (9th Cir. 1965). It was because of this similarity and because habeas corpus had always been designated as a civil proceeding rather than criminal that the federal courts held the § 2255 proceeding to be a civil proceeding to attack a criminal judgment.

I think there can be no doubt but that the right to habeas corpus at common law, and its restrictions and limitations, is exactly the same as the writ in this state. At common law, habeas corpus is not an available remedy to attack a criminal sentence or conviction, save for want of jurisdiction appearing upon the face of the record of the convicting court. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969, where it was said:

> "* * * The rule at the common law, and under the act 31 Car. II. chap. 2, and other acts of Parliament prior to that of July 1, 1816 (56 Geo. III. chap. 100, § 3), seems to have been that a showing in the return to a writ of habeas corpus that the prisoner was held under final process based upon a judgment or decree of a court of competent jurisdiction closed the inquiry. * * *"

See, also, Janiec v. McCorkle, 52 N.J.Super. 1, 144 A.2d 561. The Territorial Supreme Court of this State recognized that our habeas corpus statutes are a codification of the common law in In re Peraltareavis, 8 N.M. 27, 41 P. 538, and this court held that errors or irregularities in the course of proceedings at or prior to the trial are not grounds for the release of a prisoner upon application for writ of habeas corpus. See Ex parte Selig, 29 N.M. 430, 223 P. 97; Ex parte Kelley, 57 N.M. 161, 256 P.2d 211; Smith v. Abram, 58 N.M. 404, 271 P.2d 1010; and Johnson v. Cox, 72 N.M. 55, 380 P.2d 199.

It is, accordingly, apparent that habeas corpus has never been available as a collateral attack on a criminal judgment, and that prior to the adoption of Rule 93, prisoners had no post-conviction remedy by which errors or violation of rights guaranteed by the Constitution could be redressed except by direct appeal. Unlike § 2255, Rule 93 has no relation to the habeas corpus proceeding but actually provides a method of attacking criminal judgments not theretofore available in the courts of this State.

The function of the writ of habeas corpus is entirely different in the federal system, and is not dependent on common-law concepts. Chief Justice Vinson was especially qualified to speak on the history of habeas corpus as a post-conviction remedy in the federal system and of the reasons and purpose of § 2255, since he was chairman of the committee appointed to study the problems arising in federal courts under habeas corpus and which recommended enactment of the statute to alleviate some of

the problems. He fully discussed the function and history of the writ and of § 2255 as a remedy to permit collateral attack on a criminal judgment in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232. The Chief Justice pointed out that habeas corpus in the federal courts rests, not upon the common law, but upon a special grant of power from Congress in the Judiciary Act of 1789, 1 Stat. 73, 81–82, and in 1867 by 14 Stat. 385, where Congress changed the common law writ by providing for inquiry into the facts of detention so that by virtue of the federal statute, United States Courts have power to act on a collateral attack on criminal judgments, even though the vice does not appear on the face of the judgment. Challenge of convictions by habeas corpus was permitted on facts de hors the record. Section 2 of the federal act itself described the purpose of the Act as creating a remedy "intended to be as broad as habeas corpus."

A review of the history of § 2255, as outlined by Hayman, shows it to have been enacted to meet the practical difficulties encountered in administering habeas corpus, "by affording the same rights as habeas corpus in another and more convenient forum." While the federal decisions are not in complete harmony as to whether the federal post-conviction proceeding is a civil proceeding, they all make it abundantly clear that their designation of it stems entirely from the fact that habeas corpus is a civil proceeding and that the federal post-conviction remedy performs the identical function in a different forum.

Because of the difference of the function of habeas corpus and the § 2255 and rule 93 post-conviction procedure in the federal system and in New Mexico, the federal interpretation as to whether the remedy is civil or criminal in its nature is not persuasive in an interpretation of our rule, and considering the purpose of our rule, would not be in accord with sound reasoning.

I have found no federal decision, except those designating the applicable court docket, that turned on whether the proceeding is civil or criminal. Merely because we may decline to follow the federal interpretation that the procedure is civil does not deprive us of the force of the federal decision in their interpretation in other respects of the similar federal statute.

I think that since our rule has no similarity to rights afforded by habeas corpus, and because it provides a means of collaterally attacking a criminal judgment, it should be filed in the criminal action it seeks to attack, and be denominated a criminal proceeding. Giving it that interpretation I believe the court of appeals has jurisdiction to review, on appeal, district court judgments on rule 93 motions. I, therefore, dissent from the majority view.

COMPTON, J., concurs.