[No. 730. October 2, 1897.]

## WELLINGTON A. GIVENS, Appellant, v. D. W. VEEDER, Appellee.

INSURANCE, LIFE—FINDING OF MASTER—EVIDENCE.—The finding of fact by a master in chancery, like the special verdict of a jury, will not be disturbed on appeal, unless the evidence is clearly insufficient to support it.

ID.—ASSIGNMENT, ABSOLUTE OF POLICY, FOR CANCELLATION OF DEBT.—A life insurance policy for a certain sum, assigned absolutely, by the insured to his creditor for the cancellation of a debt, less than half the amount of the policy, was not a "wager policy" or "speculative risk," where, at the time of the death of the insured, the assignee had paid out on the policy, including the amount originally paid thereon, with the semiannual premiums and interest, and other costs and expenses, a sum amounting to nearly the face of the policy.

*Appeal,* from a decree for plaintiff, from the Second Judicial District Court, Bernalillo County. Reversed and remanded, with directions; Bantz, J., dissenting.

The facts are stated in the opinion of the court.

VEEDER & VEEDER for appellant.

The court below had no right to review the finding of facts by the master, unless they were manifestly erroneous, or wholly unsupported by the evidence, which is not the case here; and no exceptions thereto were filed upon these grounds. Girard Ins. Co. v. Cooper, 362 U. S. 529, 539; Davis v. Schwartz, 155 Id. 631; Kimberly v. Arms, 129 Id. 524; Tilghman v. Proctor, 125 Id. 136; Callaghan v. Meyers, 128 Id. 666; Farrar v. Bernheim, 74 Fed. Rep. 435, 438; Clyde v. Richmond & D. R. Co., 69 Id. 673, 678; Medsker v. Bonebrake, 108 U. S. 66, 72; Green v. Bishop, 1 Cliff. 186; Mason v. Crosby, 3 Woodb. & M. 269; Bridges v. Sheldon, 7 Fed. Rep. 35; Troy I. & N. Factory v. Corning, 6 Blatch. 332; In re Murray, 13 Med. 550; McDaniels v. Harbour, 43 Vt.

462; Howard v. Scott, 50 Id. 48; Howe v. Russell, 36 Me. 115; Richards v. Todd, 127 Mass. 172; Trow v. Berry, 113 Id. 146; De Cordova v. Korte, 7 N. W. 678.

The assignment to defendant was an absolute assignment; and even though defendant did say, as claimed by plaintiff's witnesses, that he held the policy "to secure him," such language is entirely consistent with the idea of an absolute sale. McLaurie v. Partlow, 53 Ill. 340, 345. See, also, Bac. on Ben. Soc., sec. 397; Insurance Co. v. Armstrong, 117 U. S. 591; Mut. Life Ins. Co. v. Schafer, 94 U. S. 457; Lamont v. Grand Lodge, 31 Fed. Rep. 177, 181; Olmstead v. Keys, 85 N. Y. 593, 609; Fitzpatrick v. Life, etc., Ins. Co., 56 Conn; Murphy v. Reed, 1 South. Rep. (Miss.) 761, as to the right of sale and assignment of a life insurance policy, taken out by a person upon his own life.

JOHNSON, FINICAL and A. B. McMILLEN for appellee.

HAMILTON, J.—This suit arose in the Second judicial district court of the county of Bernalillo, wherein the complainant, Givens, as assignee of an insurance policy on the life of one Fiske, filed a bill against the defendant, Veeder, who held a prior assignment of the same policy, to compel the defendant to pay to the complainant a debt due to him, the complainant, from the deceased, Fiske, out of the money collected by the defendant upon the said policy. The issues were joined; the cause referred by consent to a special master, who found the issues of fact and conclusions of law in favor of the defendant, and recommended a dismissal of the bill. The court, on the exceptions to the report of the master, set aside the report, and rendered a decree for the complainant, from which decree this appeal is brought.

The facts, as disclosed by the record and found by the master, are substantially as follows: (1) That on the thirtieth day of August, A. D. 1887, the said Calvin Fiske had an insurance policy upon his life in the Equitable Life Assurance

Society of the United States, for the sum of $5,000. (2)
That on the said date the said Calvin Fiske was justly in-
debted to the said defendant, Veeder, in the sum of $2,011,
and that the said Calvin Fiske on that day assigned and trans-
ferred to the said Veeder the said insurance policy upon his
life, in consideration of the cancellation of the said debt, which
said assignment was absolute in its terms, and conveyed to the
said Veeder all the right, title, and interest of said Fiske in and
to said policy. (3) That the said assignment was not condi-
tional, but was absolute, and so regarded by said Fiske and
Veeder, and that the said Fiske passed, and intended to pass,
the entire title thereto to the said Veeder, who accepted the
same in full payment of said claim. (4) That, at the time of
said assignment of said policy by said Fiske to said Veeder, the
then cash value of said policy amounted to about $500. (5)
That the said Veeder accepted the said assignment of said pol-
icy, and the assignment of certain office furniture in said
report mentioned, in full and complete satisfaction of said
indebtedness so due to Veeder by the said Fiske; and the said
Veeder then and there canceled the said indebtedness so due.
(6) That the said Veeder, after the assignment and accept-
ance of said policy, and after the cancellation of said indebted-
ness, paid all of the semiannual premiums to the company due
upon said policy, amounting to the sum of $162 per year. (7)
That the said Veeder never attempted in any way to collect
from the said Fiske said debt, nor any of the moneys paid or
advanced by him for the annual premiums upon the said pol-
icy. (8) That the said Fiske about the thirtieth day of April,
1890, made another and subsequent assignment to the said
complainant to secure the said complainant on account of cer-
tain indebtedness which was then due the said complainant
from the said Fiske, arising upon a security for a certain loan
made by said Fiske of and from one Sloan; and it is further
found by the master that, at the time of said assignment by
said Fiske to said Givens, the said Fiske had no assignable in-
terest in said policy, he having previously thereto sold, as-
signed, and transferred the same absolutely to said defendant,

Veeder.    It is further found by said master that, after the
death of said Fiske, the said defendant collected the said
amount of the policy, amounting to about $5,000; that some
controversy arose between the said complainant and the de-
fendant at the time the said money was paid by the insurance
company; that the defendant then offered to the complainant
to pay him $500, if he would not interfere with the collection
of said policy by the defendant, but that the same was not
offered as an acknowledgment of any right of the plaintiff to
any part of said money, or of any liability of the defendant to
him.    The said master further finds that the said complainant
had no interest whatever in said insurance policy, nor in the
proceeds collected therefrom, and that the same belonged 'to,
and of right should be held by, the defendant.    And the mas-
ter found as a conclusion that the said complainant was not en-
titled in any way to recover, and recommended a dismissal of
the bill.    These findings of the master were set aside by the
court, and a decree rendered on behalf of the said complainant.

Without attempting to review, in this opinion, the testi-
mony admitted, upon which the master made his findings of
fact, it is sufficient to say, after an examination of the record,
that there is ample testimony upon which to base the findings
made by the master.    It may be true that these
findings of fact made by the master were
reached by him after the consideration of con-
flicting testimony.    Some of the evidence may
have been contradictory.    Some of the witnesses testifying on
either side may have been interested in the result of the suit,
and they may have shown a bias or prejudice.    Yet the master
saw the witnesses, examined them, and had an opportunity to
observe their conduct, and was certainly better capable than
the court of properly weighing their evidence, and giving it
that due credit to which it was entitled, and of reaching a cor-
rect conclusion therefrom.    If there was no testimony suffi-
cient to sustain the report, or if the court could discover from
an examination of the record that the report was for this reason
manifestly wrong, under the evidence, then it would be the

*FINDING of master:
evidence.*

duty of the court to set it aside; but, until this was made to appear, the findings of fact made by the master will be regarded as equivalent to the special verdict of the jury, and can not be disturbed. This view is in harmony with the rule established by the supreme court of the United States in the case of Davis v. Schwartz, 155 U. S. 636; Kimberly v. Armes, 129 U. S. 512, and followed by this court in the case of Field v. Romero (N. M.) 41 Pac. 517, to which rule therein adopted we feel still bound to adhere.

The report of the master has sufficient evidence to support it. Its findings show that the defendant, Veeder, had an absolute assignment of the policy, for a consideration of $2,011, and that he canceled the debt; that such assignment was regarded and intended by both defendant and assignor as an absolute, unconditional transfer; that the cash value of the policy at the time of the transfer was only $500; that the policy was kept up by the defendant by his payment of the semiannual premiums thereon up to the date of the death of said Fiske, amounting to the sum of $162 per year. The testimony in the record shows (although this fact was not found by the master) that, at the date of the death of Fiske, the defendant, Veeder, had paid out on the policy, including the amount originally paid thereon, with the semiannual premiums and interest, with other costs and expenses, the sum of about $4,500. Under this state of facts, as found by the master, and presented by the record, we do not think it presents such a case as was passed upon by the court in the case of Cammack v. Lewis, 15 Wall. 643. In that case Cammack had only a debt of $70, and Lewis took out a policy of $3,000 on his life. Cammack paid the premiums for one year. Lewis then gave Cammack a note of $3,000, which was without consideration, and took an absolute assignment of the policy, coupled with an agreement back that, in case of the death of Lewis, he (Cammack) would pay to the widow of Lewis one-third of the policy. The court held that, under this state of facts, Cammack could hold only the amount of his debt, with such sums as he had advanced. The real debt due the assignee of the policy in that

case was only $70, and the great discrepancy between the amount of the debt, $70, and the face of the policy, $3,000, was such as to bring the case clearly within the doctrine of a "speculative risk" or a "wager policy." No such state of facts exists in the case before us. Here the debt and the premiums paid, with interest and expenses chargeable against it, covered almost the face of the policy. We are not aware that the supreme court of the United States has laid down any definite rule as to what state of facts must arise, or what discrepancies must exist, between the debt due and the face of the policy to make it a "speculative risk" or a "wager policy." When that court shall have established such a rule, or when it shall have determined that any discrepancy between the amount of the debt and the face of the policy assigned shall constitute it a "speculative risk" or a "wager policy" as to such discrepancy or excess, and that in such a case the creditor can not hold the whole face of the policy, but only the amount of his debt, with interest and costs therein, then we will readily follow such rule; but, until such doctrine is established by that court, each case must rest upon its own state of facts, and the court must be left to establish its own rule as to what facts and conditions will bring a case within the rule of "speculative risk" or "wager policy." In view of the close equality, as shown by the record, which existed between the amount due the defendant and the face of the policy at the date of the death of Fiske, we can not say that it is in any sense a "wager" or "speculative policy."

Even upon the other theory, however, that the defendant, Veeder, could only hold out the full amount of his debt, the premiums, interest and costs therein, the decree entered in the case could not be sustained. The court, in its

ABSOLUTE assignment of policy for cancellation of debt.

decree, found that there was due to the complainant the sum of $918.50, with costs of suit, and rendered a decree against the defendant for this sum, regardless of the amount due the defendant for money expended by him on account of said policy, the annual premiums paid, and interest and costs therein. The record in the case shows, from the testimony of the only witness offered

upon that question, whose testimony is uncontradicted, that,. at the date the money was paid by the insurance company upon the policy, there was then due the defendant, on account of the original debt canceled on account of said policy, and the annual premiums paid, with interest and costs thereon, the sum of over $4,500, nearly the face value of the policy; and, had he included the costs and expenses of collecting the policy, it would, as he said, have covered quite the entire face of the policy. Now, even upon the theory contended for by the complainant (the appellee herein), the defendant, Veeder, was entitled to be paid all of this advance before any amount could be adjudged to be due the complainant; and it was error in the court to render a decree in favor of the complainant for $918.50 without first ascertaining and determining from the testimony the full amount paid out and expended by the defendant upon the policy, with interest and costs therein, and deducting this from the amount received from the defendant upon the policy. We feel, therefore, that, from any view of the case, the decree can not be sustained. Our opinion is, however, that the reversal of the case may be put upon the first ground; that, under the record and evidence in the case, this was not a "wager policy" or "speculative risk," which is so frequently denounced by the courts. The cause is therefore reversed and remanded, with directions to the court below to dismiss the bill.

Smith, C. J., and Laughlin, J., concur; Bantz, J., dissents.