205 P.2d 492

**LOPEZ v. SINGH.**

No. 5156.

Supreme Court of New Mexico.

March 15, 1949.

Rehearing Denied May 12, 1949.

Wm. B. Darden and W. C. Whatley, both of Las Cruces, for appellant.

Edward C. Wade, of El Paso, Tex., for appellee.

COMPTON, Justice.

Appellee instituted this proceeding to recover damages for breach of contract and personal services. The controversy arose out of an agreement by which appellant leased lands to appellee for agricultural purposes. Issue was joined by answer and cross-complaint; after which, by consent of the parties, the cause was referred to H. L. Barth, an accountant, with directions to examine accounts and records, take testimony, state an account, and make findings and recommendations in a report to the court.

The referee, as directed, conducted a hearing and made findings and recommendations. He found the issues generally and concluded that appellee was indebted to appellant in amount of $315.52. It appears that he was unable to determine the ques-

tion of parity payments amounting to $181, one-half of which was claimed by appellee.

Appellee filed exceptions to the report. Upon motion the exceptions and the report came on for consideration; whereupon the trial court, without indicating reasons therefor, entered an order approving the report in part, modifying it as to certain items, and rejecting various findings of the referee. The trial court then made its own finding that appellant was indebted to appellee in amount of $517.48. Judgment was entered accordingly and appellant appeals.

All assignments of error go to the question of the courts' refusal to accept the findings of the referee. We agree with appellant that the trial court erred in setting aside the findings of the master and deciding the case merely upon the weight of the evidence.

Sec. 19-101(53) (e) (2), 1941, our rules, provides that: "In an action to be tried without a jury the court *shall* accept the master's findings of fact unless clearly erroneous." (Emphasis ours.)

 The language employed leaves no room for argument that the findings of the master, if supported by substantial evidence, are binding upon the trial court. Nevertheless, the trial court may set aside findings when clearly erroneous, yet in considering the question the word "clearly" must not be overlooked, and findings will

not be set aside merely because the record tends to show that they are not supported by the weight of the evidence. It is only where there is a total lack of substantial evidence to support the findings that the court is warranted in rejecting the report of the referee.

 The foregoing rule is an adaptation of Rule 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and is identical therewith. Consequently, the construction given the rule by the Federal courts is persuasive.

In Santa Cruz Oil Corporation v. Allbright-Nell Co., 7 Cir., 115 F.2d 604, 607, the court aptly stated: " * * * that so far as the finding of the master or judge who saw the witnesses 'depends upon conflicting testimony or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable' * * *". Citing an earlier case, Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 239, 39 L.Ed. 289.

In Davis v. Schwartz, supra, in discussing the rule, the court said: "As the case was referred by the court to a master to report, not the evidence merely, but the facts of the case, * * * we think that his finding, so far as it involves questions of fact, is attended by a presumption of correctness similar to that in the case of a * * * special verdict of a jury, * * *. In neither of these cases is the finding ab-

solutely conclusive, as if there be no testimony tending to support it; but so far as it depends upon conflicting testimony, or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable." Citing cases.

■ So, on conflicting claims, veracity of witnesses is a question to be considered, and the master who has seen and heard the witnesses, observed their demeanor while testifying, is in a better position than the trial court to pass upon the question of the veracity of witnesses. Hence, the rule that an appellate court should give controlling weight to the trier of the facts. Sanchez et al. v. Torres, 38 N.M. 556, 37 P.2d 805; Bolles v. Pecos Irr. Co., 23 N.M. 32, 167 P. 280; Wallace Corporation v. National Labor Relations Board, 4 Cir., 159 F.2d 952; National Labor Relations Board v. Arcade-Sunshine Co., 76 U.S.App.D.C. 312, 132 F.2d 8; Santa Cruz Oil Corp. v. Allbright-Nell Co., Supra.

For decisions previous to the enactment of the rule, and those sanctioned by prior statute, Sec. 4249, Code 1915, N.M.Stat., see Wellington A. Givens v. Veeder, 9 N.M. 256, 50 P. 316; Pueblo of Nambe v. Romero, 10 N.M. 58, 61 P. 122. It appears that the last sentence of Sec. 4249, supra, was superseded by a subsequent statute appearing as Sec. 4246, Code 1915, N.M.Stat., and for decisions under the latter statute,

see Bradford v. Armijo, 28 N.M. 288, 210 P. 1070; Cf. Tietzel v. Southwestern Constr. Co., 43 N.M. 435, 94 P.2d 972, 126 A.L.R. 307.

■■ This brings us to a consideration of the question whether the master's findings are clearly erroneous. It does not appear that we have defined the phrase "clearly erroneous", but the term as here used simply means findings not supported by substantial evidence. In this regard, the master accorded the parties an extensive hearing. He took the testimony of various witnesses and examined a vast amount of documentary evidence. In due time he made a detailed and reasoned report, finding that appellant was entitled to judgment, and after reviewing the record the trial court failed to indicate wherein his findings were erroneous. The evidence has been reviewed by us, and we, likewise, are unable to conclude that the findings are erroneous. On the other hand, we are convinced that the trial court decided the case upon the weight of evidence as it appeared to him. To our minds the master's findings are supported, if not by a preponderance, by substantial evidence.

■ There remains to be determined the question concerning parity payments. The master, being unable to decide the question, referred it to the court for an answer. We are satisfied from a consideration of the testimony that the finding of the trial court

that appellee is entitled to one-half the parity payments is supported by a preponderance of the evidence, and this being so, its findings in this respect should not be disturbed.

The judgment is reversed with directions to the trial court to reinstate the case upon its docket, enter judgment for appellant, in accordance with the findings of the master, less amount thus found to be due appellee as parity payments, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.