214 P.2d 766

**PURDY v. TUCKER et al.**

**No. 5218.**

Supreme Court of New Mexico.

Feb. 11, 1950.

A. B. Carpenter, Roswell, for appellants.

Frazier, Quantius & Cusack, Roswell, for appellees.

James M. H. Cullender, Roswell, for appellee and cross appellant O. W. Arthur.

LUJAN, Justice.

On July 31, 1947, A. B. Purdy, doing business as Purdy Electric Company instituted this suit against Cecil W. Tucker and Allene Todd Tucker, seeking judgment for materials furnished and labor performed in the construction of a new building located in Roswell, New Mexico, and to establish, fix and foreclose a mechanics' and materialmen's lien upon the property described in the complaint. He also named as defendants O. W. Arthur, the principal contractor, who had a lien claim and the Amicable Life Insurance Company which held a mortgage upon the premises.

On July 27, 1947, the defendants Cecil W. Tucker, Allene Todd Tucker and the Amicable Life Insurance Company answered jointly. They admitted that Purdy performed work on the structure in question but alleged that this work was done at the instance and request of O. W. Arthur and not for them. They further alleged that all arrangements to do this work were made directly with Arthur and that

he alone was responsible to the plaintiff. They denied that they at any time entered into an oral contract with him to do any electrical work.

By way of new matter they alleged that the lien upon which the complaint is based was not filed within the time prescribed by law and that it did not constitute a valid lien upon their property; that on September 30, 1946, Purdy furnished defendant Cecil W. Tucker a certain statement showing a balance of $998.92 which included an item of $49.31 under date of September 17, 1946 which was carried in the itemized statement attached to the purported lien as being furnished on October 17, 1946; that no work whatsoever was done by the plaintiff upon the premises in connection with his arrangements with O. W. Arthur after September 17, 1946.

On November 8, 1947, the defendant O. W. Arthur filed his answer denying that A. B. Purdy's claim of lien was superior to his against the property in question. On the same day he filed a cross-complaint against Cecil W. Tucker and Allene Todd Tucker seeking judgment against them in the sum of $9,162.38, balance claimed due to him for the erection of said building and asking that his lien be foreclosed. On January 21, 1948, the cross-defendants filed their answer denying that they owed cross-complainant the amount stated, or any sum whatever. On the same day they filed a cross-complaint against O. W. Arthur seeking judgment against him in the sum of $3,552.61, claimed to be the amount overpaid him under their written contract and for damages resulting from a breach of another contract entered into on July 11, 1946.

On May 3, 1948, O. W. Arthur replied to the new matter set up in Tucker's answer denying that he had entered into a written contract and that said agreement was for the purpose of showing to the insurance company that a new building was to be constructed. He further alleged that the written contract did not state correctly the contract price, and that at the time it was executed he did not know that this mistake had been made and that he signed it believing that it allowed him the sum of $6.50 per square foot of floor space, thus perpetrating a fraud upon him. He also denied that he ever executed an agreement to complete the building by any specified date or received any consideration for such an agreement. On the same day he filed a general denial to these defendants' cross-complaint.

On the issues thus framed the cause was then referred to Richard G. Bean, Esq., as referee, with the approval of counsel for Purdy and Arthur, to take proof, make findings of fact and conclusions of law and report them to the court. A vast amount of testimony was taken and a great number of exhibits were offered and admitted. On May 13, 1948, the referee filed his report.

with the court. On May 16, 1948, the plaintiff A. B. Purdy filed his objections to the report. On May 22, 1948, the defendant O. W. Arthur likewise filed his objections to the aforementioned report. Thereafter both Purdy and Arthur filed requested findings of fact and conclusions of law. On December 29, 1949, the court overruled the objections and exceptions of the parties and confirmed the referee's report. On January 8, 1948, the court entered a judgment in favor of Cecil W. Tucker and Allene Todd Tucker, based upon the findings of the referee. The correctness of the action of the court in its rulings on the referee's report, and entering this judgment, is the matter now before us.

For convenience we will refer to the plaintiff, A. B. Purdy as the electrician; to the defendant and cross-complainant, O. W. Arthur, as the contractor and to the Tuckers as the owners.

The principal questions involved on appeal are of facts, and were resolved by the referee and confirmed by the court on the evidence in favor of the defendants Cecil W. Tucker and Allene Todd Tucker.

The referee made the following findings of fact relative to the electrician, which were confirmed by the lower court:

"(14) That beginning on April 5, 1946, A. B. Purdy furnished materials and performed labor for the electrical system in the Tucker premises.

"(15) That A. B. Purdy last furnished materials and performed labor on said premises on September 17, 1946.

"(16) That the account for said electrical materials and labor was carried on the books of A. B. Purdy in the name of O. W. Arthur and Dr. Tucker.

"(17) That on September 30, 1946, A. B. Purdy submitted a statement directed to 'O. W. Arthur-Dr. Tucker' for a balance of $998.92 due A. B. Purdy.

"(18) That all materials furnished and labor performed by A. B. Purdy on the Tucker premises were in pursuance to a contract entered into between A. B. Purdy and O. W. Arthur.

"(19) That the total contract price agreed upon by O. W. Arthur and Cecil W. Tucker included the cost of both the electrical work and plumbing work.

"(21) That on January 16, 1946, A. B. Purdy filed a claim of lien against the Tucker premises; that said claim of lien is recorded in Book H, Page 123, Lien Records, in the office of the County Clerk of Chaves County, New Mexico.

"(22) That said claim of lien filed by A. B. Purdy was filed 121 days after the said A. B. Purdy last furnished materials and performed labor upon said Tucker premises."

From these findings of fact the referee concluded:

"(1) That A. B. Purdy was a sub-contractor under O. W. Arthur.

"(2) That there were no contractual relations existing between A. B. Purdy and the defendants Tucker for Purdy's performing and furnishing electrical labor and materials upon the Tucker premises.

"(3) That A. B. Purdy is not entitled to recover from Cecil W. Tucker and Allene Todd Tucker for any balance due him for materials furnished and labor performed upon the Tucker premises.

"(4) That the lien filed on January 16, 1947, by A. B. Purdy, is invalid and is not entitled to be foreclosed."

The electrician (appellant) seriously contends that there is no evidence to sustain the findings made by the court; and that the findings of fact and conclusions of law made by the referee are contrary to the evidence and that there is no substantial evidence to support them.

We have painstakingly examined the entire record on this question, as counsel for the electrician insists upon this point with great earnestness. The evidence contained therein touching these findings is conflicting. However, the referee saw the witnesses, heard their testimony, had an opportunity of observing their demeanor upon the stand, and was better capable of weighing their testimony and reaching a correct conclusion therefrom than either the district or appellate court. If, therefore, the testimony before the referee was conflicting, or if it depended upon the credibility of the witnesses, and the referee found the facts from that testimony, his findings in this particular are not subject to attack, and are binding upon the trial court unless, after an examination of the record, it can discover there was no substantial testimony to sustain them. We have held in a number of cases that the findings of a master upon conflicting evidence will not be disturbed where the record shows *there is evidence* upon which such findings can be based. See Lopez v. Singh, 53 N.M. 245, 205 P.2d 492.

In Givens v. Veeder, 9 N.M. 256, 259, 50 P. 316, 317, the court said: "It may be true that these findings of fact made by the master were reached by him after the consideration of conflicting testimony. Some of the evidence may have been contradictory. Some of the witnesses testifying on either side may have been interested in the result of the suit, and they may have shown a bias or prejudice. Yet the master saw the witnesses, examined them, and had an opportunity to observe their conduct, and was entirely better capable than the court of properly weighing their evidence, and giving it due credit to which it was entitled, and of reaching a correct conclusion therefrom. * * *" See, also, Tietzel v. Southwestern Construction Company, 43 N.M. 435, 94 P.2d 972, 126 A.L.R. 307.

It will serve no good purpose to quote the testimony adduced at the hearing before the referee. Suffice it to say, that the findings of fact made by him, which depended upon the weight of conflicting testimony, have every presumption of correctness in their favor, and will not be disturbed by us.

While the owner criticizes the form of the contractor's brief in the challenge made by the latter to certain findings and requested findings, in our consideration of the electrician's appeal it has been necessary to review the entire record. This examination satisfies us that the action taken below on the findings and requested findings is adequately supported in the evidence.

Finding no reversible error, the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.