379 P.2d 61

Lex H. WITT, Plaintiff-Appellant,

v.

SKELLY OIL COMPANY, a corporation, Defendant-Appellee.

No. 7080.

Supreme Court of New Mexico.

Feb. 19, 1963.

William J. Heck, Hobbs, for appellant.

Hammel Carrell, Lovington, Horace S. Smith, Sam C. Oliver, Tulsa, Okl., for appellee.

CHAVEZ, Justice.

Lex H. Witt, plaintiff-appellant, an employee of Skelly Oil Company, defendant-appellee, brought suit against appellee for payment of compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, for hours he spent in appellee's service in excess of 40 hours per week, plus liquidated damages as specified in § 216(b) of the Act and attorney's fees and costs. A special master was appointed to take the testimony of witnesses, have the same transcribed, and to submit findings of fact and conclusions of law to the court. The special master found that appellant was entitled to judgment against appellee in the sum of $3,045.24, plus reasonable attorney's fees and costs by reason of appellee failing to compensate appellant for 765½ hours of overtime; he did not find that appellant was entitled to liquidated damages. Appellant objected to this failure to find that he was entitled to liquidated damages. Appellee objected to the special master finding it liable for nonpayment of the overtime. The district court, sitting without a jury, sustained appellee's objections and ordered part of the special master's findings and conclusions set aside as being clearly erroneous. The court then found that the records, upon which it determined appellant relied to sustain his claim, were unworthy of belief, patently false and unfounded, not sufficiently accurate to recover under the Fair Labor Standards Act, and that as appellant's entire case was founded upon said records that appellant's complaint should be dismissed with costs assessed against appellant. Judgment was entered accordingly. From this action of the district court, in setting aside the special master's report and from the failure of the special master and the district court to award appellant liquidated damages, this appeal was perfected by appellant.

At the time of the trial, appellant was employed by appellee and had been so employed for a period of 11½ years. Since April 15, 1958, his job classification was utility man, first class. He worked at appellee's plant which is located about five miles southeast of Lovington, New Mexico. Appellant was permitted to live in one of two houses provided by appellee and lo-

cated adjacent to appellee's plant. Appellant occupied this residence during the entire period involved in this controversy. Mr. John Beckworth, appellee's plant superintendent, occupied the other house. Mr. Beckworth testified that one of the reasons appellant occupied the house was that in case he was called to the plant he would be handy. There is testimony of other employees of appellee as to statements made by Beckworth that appellant would be required to remain at the plant every other weekend, and that when Beckworth was going on a vacation or would be gone for a few days, he would put up a notice on the bulletin board that, while Beckworth was away, appellant would be in charge of operations under the supervision of Jack Dodd or B. R. Nunn. There is also evidence that between April, 1958, and July 25, 1959, from 15 to 20 such notices were posted on the bulletin board at appellee's plant. Appellant was paid on an hourly basis for a 40-hour week. In addition to his normal working hours, appellant testified that he was required to remain on the company premises for varying periods of time, the stated purposes therefor being that he was placed in charge of the plant during the time the plant superintendent was absent therefrom. When appellant was left in charge, he would make a daily inspection of the plant and then return to the company house so as to be available in the event he was needed at the plant. Among the periods

during which appellant was left in charge of the plant were those when his supervisor was on vacation and those when his supervisor was away from the plant for other reasons. Appellant testified that he was also required to be at the plant every other weekend so that his supervisor would not have to be there.

The findings of the special master which the trial court set aside were:

"VI. That for the mutual benefit of the parties, the plaintiff was permitted, upon his request, to occupy a dwelling house belonging to the defendant and located on the premises of the defendant adjacent to the defendant's gasoline plant near Lovington, New Mexico; that the plaintiff resided in said dwelling at all times material hereto.

"VII. That the plaintiff was required by the defendant acting by and through an authorized agent, to remain on the defendant's premises on certain weekends from April 15, 1958, to July 27, 1959; that the plaintiff did remain on the premises under said instructions every other weekend, excepting certain weekends when the plaintiff was away

from the premises for various reasons.

"VIII. That during the weekends which the plaintiff was on the premises as required by the defendant, he became entitled to compensation at the rate of 1½ times his regular hourly wage for work weeks in excess of 40 hours each week; that the plaintiff between the period from April 15, 1958, to and including January 22, 1959, is entitled to compensation at the rate of $3.88 per hour for 390 hours as overtime hours; that the plaintiff between the period from January 23, 1959, to and including July 27, 1959, is entitled to compensation at the rate of $4.08 per hour for 375.5 hours as overtime hours.

"IX. That the plaintiff slept an average of eight hours each day and spent an average of two and one-half hours each day eating and doing personal errands around the dwelling house during the weekends which the plaintiff became entitled to overtime wages; that the overtime hours set forth in Finding of Fact No. VIII are in addition to the hours spent by the plaintiff in sleeping, eating, and other personal errands.

"X. That the plaintiff is entitled to a reasonable attorney fee, in addition to the compensation set forth herein in accordance with the provisions of the Fair Labor Standards Act."

The conclusion of law made by the special master which was set aside by the trial court was:

"II. That the plaintiff is entitled to judgment upon the Complaint filed herein against the defendant in the sum of $3,-045.24 for overtime hours for which he has not previously been compensated for plus a reasonable attorney fee and the cost of this action."

The basis stated by the trial court for setting aside these findings of fact and conclusion of law was that they were clearly erroneous. Section 21–1–1(53) (e) (2), N.M.S.A., 1953 Comp., states the rule which guides trial courts when dealing with reports of masters in a nonjury trial as being:

"In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * *"

 This rule was construed in Lopez v. Singh, 53 N.M. 245, 205 P.2d 492. The trial court had appointed a special master with directions to him to examine accounts and records, take testimony, state an account, and make findings of fact and recommendations in a report to the court. After the report was entered, the trial court approved part of it and rejected part of it without indicating reasons for such rejection. This court stated:

" \* \* \* We agree with appellant that the trial court erred in setting aside the findings of the master and deciding the case merely upon the weight of the evidence.

\* \* \* \* \* \*

" \* \* \* the trial court may set aside findings when clearly erroneous, yet in considering the question the word 'clearly' must not be overlooked, and findings will not be set aside merely because the record tends to show that they are not supported by the weight of the evidence. It is only where there is a total lack of substantial evidence to support the findings that the court is warranted in rejecting the report of the referee."

We cited Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289, wherein the court discussed the rule and said that the master's findings are presumed to be correct and that so far as they depend upon conflicting evidence, or upon the credibility of witnesses, or so far as there is any testimony consistent with the findings, they must be treated as unassailable. We defined "clearly erroneous" as being findings not supported by substantial evidence. Because the trial court had failed to properly give credence to the master's report, we reversed its decision.

Lopez v. Singh, supra, was cited with approval in Purdy v. Tucker, 54 N.M. 86, 214 P.2d 766, on the point that where there is conflicting evidence, the report of the master is not to be disturbed.

" \* \* \* the referee saw the witnesses, heard their testimony, had an opportunity of observing their demeanor upon the stand, and was better capable of weighing their testimony and reaching a correct conclusion therefrom than either the district or appellate court. If, therefore, the testimony before the referee was conflicting, or if it depended upon the credibility of the witnesses, and the referee found the facts from that testimony, his findings in this particular are not subject to attack, and are binding upon the trial court unless, after an examination of the record, it can discover there was no substantial testimony to sustain them. \* \* \*"

In 5 Moore's Federal Practice 2983–2984, the application of the federal rule is set out as follows:

"The mandate of Rule 53(e) (2), as applied in the typical case where the master who makes the findings of fact is the one who heard the parties and the testimony, is based on hard common sense; the master, as a judicial officer, must as a general proposition be trusted as to factual matters, particularly those involving oral and disputed testimony. The problem of reviewing the master's findings of fact is essentially the same as the problem of reviewing the district court's findings of fact when it is the initial trier of the facts. In this latter connection we have pointed out that although the district court's findings of fact are never conclusive, an appellate court will refuse to accept them only when well persuaded; and that in being 'well persuaded' the courts distinguish between demeanor testimony, if credibility is involved, and documentary and other non-demeanor testimony, and between primary inferences drawn from demeanor testimony and secondary inferences drawn from primary inferences. Essentially the same distinctions are applied in reviewing the master's findings of fact. Those that are based upon oral testimony, where credibility is involved, are entitled to great weight. Findings based upon depositions, documentary and other non-demeanor testimony and upon secondary inferences are entitled to less weight and are subject to a much greater scrutiny. * * *"

■ Our review of the record leads us to accept the findings of the special master since they are supported by substantial evidence and are not clearly erroneous. Accordingly, we hold that the findings of the special master should be reinstated by the trial court and that his conclusion of law based thereon should also be reinstated.

■ Prior to the enactment of the Portal to Portal Act of 1947, we viewed the provision for liquidated damages in 29 U.S.C. § 216(b), after it is established that an employee is entitled to compensation for overtime hours spent in the service of his employer and that the employee has not been so compensated, as setting forth a mandatory award to the employee. Wilson Oil Co. v. Hardy, 49 N.M. 337, 164 P.2d 209, 162 A.L.R. 292. The Portal to Portal Act of 1947 amended the Fair Labor Standards Act by adding 29 U.S.C. § 260 so that, if the employer is able to substantiate his assertion, he may interpose his good faith in failing to compensate the employee for his overtime as a valid affirmative defense to the employer being required to pay liquidated damages. However, under § 21–1–1 (8) (c), N.M.S.A., 1953 Comp., a party is required to plead and prove his good faith for it to be available to him as an affirma-

tive defense. The pleadings of the appellee in this case are devoid of such plea. Nor are we referred to evidence adduced at the trial such as would effect an amendment to appellee's pleadings so as to incorporate the plea. Nowhere in the briefs is there any reference to matters which may be construed as interposing this defense. There were no findings by either the special master or the trial court which have any bearing on this point. Accordingly, we hold it was error on the part of both the special master and the trial court not to have awarded the statutory liquidated damages to appellant.

■ Inasmuch as we have held that the trial court was in error in setting aside the special master's findings that appellant is entitled to compensation, we also hold the trial court committed error when it set aside the special master's finding that appellant was entitled to reasonable attorney's fees. In Wright v. Carrigg, (4 C.C.A., 1960), 275 F.2d 448, the court held:

"With respect to the counsel fee, the [district] court had no discretion to deny it; the law's requirement of an award is mandatory and unconditional. Section 16(b) provides: 'The court in such action *shall,* in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' * * *"

The judgment is reversed and the case remanded to the district court with instructions to vacate the judgment heretofore entered and enter a judgment in accordance with the findings of the special master, and to proceed further and enter an award for liquidated damages and attorney's fee for appellant's attorney, and costs, all consistent with the views herein expressed.

IT IS SO ORDERED.

CARMODY and MOISE, JJ., concur.