394 P.2d 258

STATE of New Mexico ex rel. S. E. REYNOLDS, State Engineer, and Pecos Valley Artesian Conservancy District, Plaintiffs-Appellees,

v.

J. T. FULTON, Defendant-Appellant.

No. 7395.

Supreme Court of New Mexico.

April 27, 1964.

Rehearing Denied Aug. 18, 1964.

William M. Siegenthaler, Artesia, for appellant.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Sp. Asst. Atty. Gen., Roswell, for appellees.

COMPTON, Chief Justice.

In an omnibus suit, cause number 20294, Chaves County, commenced by the State Engineer and joined by the Pecos Valley Artesian Conservancy District as a nominal party plaintiff against L. T. Lewis and others for the purpose of determining the boundaries of the Roswell Artesian Basin, which had been closed to further appropriation in 1931, to adjudicate the water rights of the various owners therein, to quiet title thereto in the respective owners, and to enjoin any illegal use of the waters of the basin, the appellant, being the fee owner of a part of the W½ NW¼, Section 35, Township 16 S., Range 26 E., was made a party defendant in the proceeding and also was charged with the illegal appropriation and use of the public waters of the basin.

The defendant affirmatively pleaded that he was the owner of valid artesian underground water rights in the basin to irrigate 61.1 acres of said subdivision; however, he did not state when these rights were initiated. A hearing was conducted before a special master theretofore appointed by the court. The master reported his findings and conclusions to the court with recommendations, all of which were approved. The court found and concluded that the defendant owned only 23.1 acres of underground water rights appurtenant to said subdivision, the same having a priority date of November 15, 1911. The court fur-

ther concluded that appellant should be enjoined from the illegal use of any additional waters of the basin. Judgment was entered accordingly and this appeal followed.

While the appeal is presented under three points they all challenge the sufficiency of the evidence to support the court's findings which are identical to those made by the special master. Hence, our review is limited to a determination whether the findings have substantial support in the evidence. Witt v. Skelly Oil Company, 71 N.M. 411, 379 P.2d 61; Purdy v. Tucker, 54 N.M. 86, 214 P.2d 766.

The State Engineer offered in evidence what is referred to as the "Dallas Survey," a hydrographic survey of the Roswell Artesian Basin conducted by the engineer's office in 1936. This survey is comprehensive. It reflects the lands which were under cultivation at the time and the source of water used thereon; it classifies the land then under cultivation and under irrigation; it classifies the land which had been under irrigation within a period of 4 years prior thereto; it classifies lands which had remained unirrigated and fallow for a period of more than 4 years, and it also classifies those lands which had never been cultivated or irrigated. With particularity, it classifies 22.7 acres out of the land now owned by appellant as having been under irrigation, or had been under irrigation within a period of 4 years prior thereto and the remainder of the land owned by him as dry land which had never been irrigated. A resurvey, however, recomputed the acreage as 23.1 acres. In 1940 defendant's predecessor in title filed a declaration of ownership of underground water rights in which he claimed water rights to 22.7 acres in said subdivision. Incidentally, this declaration is the only one shown in the engineer's office pertaining to water rights on the land in question.

Further, in 1939 and 1940, a hydrographic survey of the basin was made by the National Resources Planning Board in which the State Engineer participated. It is significant that this survey also reflects approximately the same amount of acreage under irrigation as was shown by the Dallas Survey.

We deem the evidence substantial. It must be borne in mind these surveys were conducted by the State Engineer with a competent staff on the ground and at a time when there was no real dispute as to the tracts being irrigated. In these circumstances the surveys were worthy of serious consideration by the fact finder. State ex rel. Bliss v. Potter Company, 63 N.M. 101, 314 P.2d 390.

As usual this appeal is here on conflicting evidence but it was the province of the fact finder to resolve the conflict. We are committed to a long-standing rule that the evidence, together with all reasonable

inferences arising therefrom, must be viewed in an aspect most favorable to support the successful party. Witt v. Marcum Drilling Company, 73 N.M. 466, 389 P.2d 403; Mountain States Aviation, Inc. v. Montgomery, 70 N.M. 129, 371 P.2d 604; Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526.

The judgment should be affirmed and it is so ordered.

NOBLE and MOISE, JJ., concur.