394 P.2d 593

STATE of New Mexico ex rel. S. E. REYN-
OLDS, State Engineer, and Pecos Valley
Artesian Conservancy District, Plaintiffs-
Appellees,

v.

L. T. LEWIS et al., Boone Jones,
Defendants-Appellants.

No. 7393.

Supreme Court of New Mexico.

May 4, 1964.

Rehearing Denied Aug. 24, 1964.

Earl E. Hartley, Atty. Gen., Santa Fe,
Charles D. Harris, Sp. Asst. Atty. Gen.,
Roswell, for appellees.

William M. Siegenthaler, Artesia, for
appellants.

NOBLE, Justice.

Defendant Lewis has appealed from an
order entered in Omnibus Cause Number
20294, Chaves County, by which defendants'
water right in the Roswell Artesian Basin
was determined to be for 23.1 acres rather
than for 30.3 acres claimed.

The evidence was heard by a special
master, all of whose findings and conclu-
sions, insofar as pertinent to the issues
in this appeal, were approved and adopted
by the trial court. While the attack here
is upon the court's findings, an appellate
court must first review the sufficiency of
the evidence to support those made by the
master, Witt v. Skelly Oil Company, 71
N.M. 411, 379 P.2d 61. Since the findings
by the court and the master are identical,

 

we shall consider the attack, in this case, as though directed to the master's findings.

The principal challenge is directed to hydrographic survey maps, designated as the "Dallas Survey," a re-survey map sheet 16, 26–35, and a "resources planning board map." It is claimed that the facts disclosed by these maps are not substantially supported by the evidence. These hydrographic survey maps were similarly attacked in People ex rel. Reynolds v. Fulton, 74 N.M. 406, 394 P.2d 258, opinion filed April 27, 1964, a similar appeal from the same omnibus cause. The effect of these maps was determined adversely to defendants' contention in Fulton, and on authority of that decision defendants' (appellants') points I and III are without merit.

A review of the record discloses that findings of fact numbers 3, 9 and 10, attacked by appellants under point II are supported by substantial evidence; and, under the well-established rule, this court, on appeal, will not disturb such findings. The fact that there may have been contrary evidence which would have supported a different finding does not permit us to weigh the evidence. Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681; Gladin v. Compton, 72 N.M. 175, 381 P.2d 961. The trial court, as trier of the facts, must resolve all conflicts and we are bound by such findings unless they are set aside

as unsupported by the evidence. Renehan v. Lobato, 55 N.M. 532, 237 P.2d 100.

It follows that the order appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.