**MONROC, INC., Plaintiff, Respondent, and Cross–Appellant,**

v.

**Timmie M. SIDWELL, Defendant, Appellant, and Cross–Respondent.**

No. 870262–CA.

Court of Appeals of Utah.

March 15, 1989.

Craig S. Cook, Salt Lake City, for defendant, appellant, and cross-respondent.

John Paul Kennedy, Salt Lake City, for plaintiff, respondent, and cross-appellant.

Before BENCH, BILLINGS and GREENWOOD, JJ.

GREENWOOD, Judge:

This case arises out of Timmie Sidwell's employment as a security guard for Monroc, Inc. and the requirement that she reside on Monroc's property. Monroc initiated an action against Sidwell for unlawful detainer of its premises after Sidwell was terminated from employment, but refused to vacate the premises. Sidwell counterclaimed, claiming Monroc had failed to comply with 29 U.S.C. § 207 of the Fair Labor Standards Act (F.L.S.A.), because it did not compensate her for hours worked in excess of forty hours per week.

Timmie Sidwell was hired by Monroc for two purposes. The first was to deter trespassers simply by her presence on company premises. Sidwell was required to live on Monroc's premises and she did so in a trailer home that she owned. She was not, however, required to be on the premises all the time and could come and go as she pleased. Second, Sidwell was hired to perform certain specific duties, including making one or two patrols of the property per day, checking gates, and preparing reports. These specific duties took Sidwell no more than eight to ten hours a week.

On January 26, 1986, Sidwell was notified that her employment with Monroc would terminate effective March 31, 1986. After Sidwell failed to vacate the premises by the termination date, Monroc served her with a notice of unlawful detainer on April 17, 1986. Monroc filed this action for unlawful detainer on April 25, 1986, but Sidwell did not remove her trailer home from the property until October 30, 1986.

Sidwell appeals from the trial court's factual finding that she was not required to be on the premises in excess of forty hours per week and the consequent conclusion of law that Monroc did not violate the overtime requirements of the F.L.S.A. Monroc cross-appeals from the trial court's refusal to treble damages awarded for the unlawful detainer, pursuant to Utah Code Ann. § 78–36–10(2) (1987).[1]

1. Section 78–36–10 was amended in 1987 and technically the former version of that section applies in this case. However, because the substance of section 78–36–10, relating to treble

## F.L.S.A. Claim

We first consider whether the trial court erred in finding that Sidwell was not required to be on Monroc's premises in excess of forty hours per week.

■ When reviewing a trial court's findings of fact, this court follows the "clearly erroneous" standard of review contained in Utah R.Civ.P. 52(a). Under this standard of review, the appellate court will set aside fact findings only if they are "against the clear weight of evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Walker*, 743 P.2d 191, 193 (Utah 1987). *See also VonHake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988); *Jefferies v. Jefferies*, 752 P.2d 909, 911 (Utah Ct.App. 1988).

At trial, three witnesses testified that Sidwell was a part-time employee with specific limited duties and that the scope of her employment was communicated to her when she was hired. Bruce J. Squires, the division manager of all the Monroc plants, testified that when Sidwell was hired she was told that she was free to come and go as she pleased, but had to perform certain limited duties. A Monroc foreman, Darrell Williams, testified he understood that Sidwell was free to come and go as she pleased and that she, in fact, did so. In addition, Jann Vasey, a night foreman, testified that on one occasion Sidwell was not on the premises when he called her to shut off a pump, but that this did not concern him because Sidwell simply lived on site and could leave when she wanted to.

Sidwell, herself, testified she was able to come and go as she pleased. However, she further testified that she was told she had to be on the premises twenty-four hours a day from Saturday through Sunday and generally on week nights after 5:00 p.m.

■ The trial court is in an advantaged position to assess each witness's demeanor

damages, did not change in any way material to the damage issue in this case, we refer to the version of the statute after it was amended in 1987.

and veracity, and to determine the relative credibility of conflicting testimony. Utah R.Civ.P. 52(a); *Miller v. Archer*, 749 P.2d 1274, 1277 (Utah Ct.App.1988). In this case, the trial court apparently found the testimony of the three Monroc witnesses indicating that Sidwell was a part-time employee free to leave the premises as she desired more credible than Sidwell's contrary testimony. This court will not substitute its judgment for the trial court's assessment of the testimony. The trial court's finding that Sidwell was not required to be on the premises in excess of forty hours per week and was free to come and go as she willed, was based on substantial evidence and was not clearly erroneous.

■ Given this factual finding by the trial court, we also hold that the trial court correctly concluded that Sidwell was not entitled to overtime pay under 29 U.S.C. § 207 for the time she was simply residing or present on the Monroc premises, but free to pursue her own interests or to leave. This conclusion is in accordance with case law interpreting relevant regulations promulgated under the F.L.S.A. According to 29 C.F.R. § 785.23:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under this circumstance and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.

Although this regulation is not controlling upon the courts, it does constitute an "informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944).

The United States Supreme Court addressed the issue of when idle time is compensable under the F.L.S.A. and § 785.23 in *Skidmore* and *Armour & Co. v. Wantock*, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944). In both *Skidmore* and *Armour*, the Court considered the status of firemen who claimed entitlement to overtime compensation for the time they were required to remain on the company premises waiting for possible emergencies. In *Skidmore*, the Court found that the firemen might be entitled to overtime compensation, but that it depended on facts which "may show that the employee was engaged to wait, or they may show that he waited to be engaged." *Skidmore*, 323 U.S. at 137, 65 S.Ct. at 163. In *Armour*, the Court affirmed an award of compensation to firemen for waiting time, but only because the employees were not at liberty to leave the premises except for dinner. *Armour*, 323 U.S. at 128, 65 S.Ct. at 166.

To the contrary, in *Dumas v. King*, 157 F.2d 463 (8th Cir.1946), an employee appealed the trial court's decision that he was only employed for sixteen hours of overtime per week. The employee argued that he was on duty twenty-four hours a day, "because it had been agreed that he might be called to the plant from his home at any time, if something went wrong with the machinery." *Id.* at 466. The court noted that the "evidence shows that he was free to go where and do what he pleased during this alleged waiting time, and that he did so, only advising the plant where it would be possible to reach him in case of an emergency." *Id.* at 466. In affirming the trial court's denial of overtime compensation to the employee, the court relied on Interpretative Bulletin No. 13 of the Wage and Hour Division, which states

> If the employee is required to remain on call in or about the place of business of the company, the time spent should be considered hours worked. If, on the other hand, the employee is merely required to leave word where he can be reached in the event of a call and is not tied down to any particular place, such time need not ordinarily be considered hours worked.

*Id.* at 466. *See also Adkins v. Campbell Brown & Co.*, 189 F.Supp. 553 (D.W.Va. 1960); *Witt v. Skelly Oil Co.*, 71 N.M. 411, 379 P.2d 61, 65–66 (1963).

In the foregoing cases, the crucial factor was whether the employer required the employee to remain on the premises. Unlike the firemen in *Skidmore* and *Armour*, Sidwell was not required to remain on the premises at all times, but was free to pursue personal activities and to leave whenever she wished, so long as she performed the required tasks, which consumed only eight to ten hours per week. Sidwell went on vacation, attended the university, and went to church and symphony concerts. She was required to be on the premises for a limited time to perform specific duties for which she was legally compensated. Like the employee in *Dumas*, she was required to inform Monroc if she was leaving, but she was not required to seek permission to leave the premises as were the employees in *Armour*. Sidwell was even less restricted than the employee in *Dumas*, because she was not required tell anyone where she was going so she could be contacted if needed.

We find, therefore, that the trial court correctly concluded that Monroc had not violated the F.L.S.A. by failing to pay Sidwell overtime compensation.[2]

### Treble Damages

■ Finally, we address Monroc's claim that the trial court erred in refusing to treble damages awarded for unlawful detainer.

Sidwell was served with notice of unlawful detainer on April 17, 1986 and her trailer home was removed six months later, on October 30, 1986. The court found that the reasonable rental value for the space occupied by Sidwell's trailer home was $50 per month, and awarded Monroc $300 for the the six month unlawful detainer.

Utah Code Ann. § 78–36–10 (1987) states in part,

(2) The jury or the court ... shall also assess the damages resulting to the plaintiff from any of the following:

(a) forcible entry;

(b) forcible or unlawful detainer

....

(3) The judgment shall be entered against the defendant for the rent, for three times the amount of the damages assessed under Subsections 2(a) through 2(c)....

Apparently, the trial court treated the fair rental value as rent, not damages, under the statute, and, therefore, refused to treble the amount. This, however, is contrary to both the statutory language and the Utah Supreme Court's decision in *Forrester v. Cook*, 77 Utah 137, 292 P. 206 (1930).

In *Forrester*, the court elaborated on what constituted damages under Comp. Laws, Utah 1917, § 7324, the previous but similar statute governing damages arising from unlawful detainer. The court stated,

Rents which may not be trebled, are such as accrue before termination of the tenancy. After the tenancy has been terminated by the notice required by the statute, the person in unlawful possession is not owing rent under the contract, but must respond in damages pursuant to the law. Rental value or reasonable value of the use and occupation of the premises becomes an element of damages for retaining possession. This is not rent, it is damages.

*Id.* 292 P. at 214.

Sidwell received notice of unlawful detainer in April, but remained on the premis-

---

**2.** Sidwell argues that 29 C.F.R. § 785.21 applies to this case, rather than § 785.23. That regulation states,

An employee who is required to be on duty for less than twenty-four hours is working even though he is permitted to sleep or engage in other personal activities when not busy. A telephone operator, for example, who is re-

quired to be on duty for specified hours is working even though she is permitted to sleep when not busy answering calls.

Unlike a telephone operator, however, Sidwell was not required to remain on the premises at all times she claims were compensable. Therefore, 29 C.F.R. § 785.21 is inapplicable to the facts before us.

es for six months longer, resulting in the award of $300 in damages, based on the property's fair rental value. We, therefore, hold that these damages must be trebled pursuant to section 78–36–10.

The decision of the district court is affirmed in part, reversed in part, and remanded for entry of an order in accordance with this opinion.

BENCH and BILLINGS, JJ., concur.