

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2007

# McCarthy v. BOP

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McCarthy v. BOP" (2007). *2007 Decisions*. Paper 585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-330                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2139
_____

JOHN J. MCCARTHY,

Appellant

v.

DIRECTOR OF THE FEDERAL BUREAU OF PRISONS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-00042)
District Judge:  Honorable William W. Caldwell
_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2007

Before:  BARRY, AMBRO and FISHER, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed: August 15, 2007)
_____

OPINION
_____

PER CURIAM

       John J. McCarthy appeals <u>pro</u> <u>se</u> from the order of the District Court denying his

petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because the District Court's

dismissal was proper and this appeal does not present a substantial question, we will summarily affirm.  See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.[1]

McCarthy, currently imprisoned within the Middle District of Pennsylvania, is serving a federal sentence imposed by the United States District Court for the District of Connecticut in 1992.  He has engaged in extensive and ongoing litigation in that district. At least one of his § 2255 motions remains pending there, see United States v. McCarthy, D. Conn. Crim. No. 92-cr-00070, and, on that basis, the Second Circuit Court of Appeals recently denied as unnecessary an application that he filed for leave to file a second or successive § 2255 motion, see McCarthy v. United States, 2d Cir. C.A. No. 05-8032 (April 6, 2006 order).  At issue here is a putative § 2241 petition that McCarthy filed in the Middle District of Pennsylvania.  In that petition, McCarthy alleges that his trial counsel rendered ineffective assistance by refusing to represent him at two critical stages of his criminal proceeding.  The District Court dismissed the petition for lack of jurisdiction after concluding that these claims can be asserted only under § 2255.

We agree.  Federal prisoners challenging the legality (as opposed to the execution) of their sentences generally must proceed under § 2255 unless a § 2255 motion would be "inadequate or ineffective" to protect their rights.  See Okereke v. United States, 307 F.3d

_____

[1]A certificate of appealability is not required to appeal the denial of a § 2241 petition.  See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000).  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and exercise plenary review of the District Court's legal conclusions.  See id. at 258.  We may affirm on any basis appearing of record.  See Fairview Twp. v. EPA, 773 F.2d 517, 524 n.15 (3d Cir. 1985).

2

117, 120 (3d Cir. 2002). We have interpreted this exception narrowly. For example, we have explained that a prisoner's mere inability to obtain relief on a prior § 2255 motion, or inability to satisfy the gate-keeping provisions of §§ 2244 and 2255, does not render the remedy inadequate or ineffective. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). On the other hand, we have allowed resort to § 2241 when a prisoner had no prior opportunity to challenge a sentence based on conduct that the Supreme Court later ruled non-criminal. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

McCarthy's claims regarding counsel's performance do not fit within the principle we recognized in Dorsainvil, and he does not argue otherwise. Instead, he argues that § 2255 is inadequate or ineffective here because a ruling on his § 2255 motion in the District of Connecticut has been inordinately delayed. The District Court rejected that argument because it mistakenly believed that all of McCarthy's § 2255 motions already have been denied. We too reject his argument, but for a different reason.

We will assume for present purposes, without deciding, that an inordinate delay in obtaining a ruling on a § 2255 motion might, under some circumstances, render a remedy under that section inadequate or ineffective. Compare Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1965), with United States v. Pirro, 104 F.3d 297, 300 (9th Cir. 1997). But this case does not present any such circumstances. A review of the District of Connecticut docket number 92-cr-00070 reveals that any "delay" in obtaining a ruling on

3

McCarthy's § 2255 motion is largely of his own making.[2]  In recent years, for example, McCarthy has filed at least three motions to amend his § 2255 motion, a motion to reclassify it as a § 2241 petition, a motion to stay proceedings, and a motion to disqualify the judge.  The docket also reflects at least one interlocutory appeal to the Second Circuit. Most recently, McCarthy filed on April 4, 2007, a motion for an order on his pending § 2255 motion, complaining of the same delay that he argues justifies his § 2241 petition here.  That motion has been pending only for approximately four months.

Thus, even if delay might render § 2255 ineffective or inadequate in certain cases, this clearly is not one of them.  Cf. United States v. Dago, 441 F.3d 1238, 1242, 1248-49 (10th Cir. 2006) (holding that seven and one-half year delay caused by active litigation of a § 2255 motion did not violate due process and suggesting that such delay was insufficient to render § 2255 ineffective or inadequate and allow resort to § 2241).  If McCarthy believes that the District of Connecticut has unduly delayed his proceeding, he can seek a writ of mandamus from the Second Circuit.  See id. at 1249.  We, of course, express no opinion on whether the issuance of such a writ might be warranted.

Accordingly, we will affirm the dismissal of his § 2241 petition.

---

[2]McCarthy is, to put it mildly, an experienced litigant.  See, e.g., McCarthy v. Meachum, No. 94-cv-00238, 1996 WL 905938 (D. Conn. Nov. 15, 1996) (surveying McCarthy's conduct over the course of the at least 136 actions that he had filed by that point); McCarthy v. Warden, No. 07-cv-01148, 2007 WL 2071891 (M.D. Pa. July 18, 2007) (surveying McCarthy's history of litigating in the Middle District of Pennsylvania).

4