**John J. McCARTHY, Appellant**

v.

**WARDEN, USP LEWISBURG.**

**No. 11–1120.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 17, 2010.

Opinion filed: July 7, 2011.

John J. McCarthy, Lewisburg, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, for Warden, USP Lewisburg.

Before: BARRY, FISHER and ROTH, Circuit Judges.

OPINION

PER CURIAM.

John J. McCarthy is a federal prisoner serving a sentence imposed by the United States District Court for the District of Connecticut. He claims that he was constructively denied counsel at two critical stages in that court—his competency hearing and his waiver of counsel hearing. The proceeding at issue here represents at least his fourth attempt to challenge his conviction on that basis. The District Court rejected that attempt, and we will summarily affirm.

McCarthy originally raised his denial of counsel claim under 28 U.S.C. § 2255 in the District of Connecticut. *United States v. McCarthy*, D. Conn.Crim. No. 92–cr–00070. In 2007, while his Connecticut motion was pending, he asserted the same claim in a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (where he was then incarcerated). He argued that he was entitled to proceed under § 2241 because of a purported delay by the Connecticut court in ruling on his claim. The District Court denied the petition, and we affirmed. *See McCarthy v. Dir. of Fed. Bureau of Prisons*, 245 Fed.Appx. 118 (3d Cir.2007). In particular, we concluded that McCarthy was required to assert his claim under § 2255 in the sentencing court and that he could not proceed under § 2241 because the alleged delay did not make the § 2255 remedy " 'inadequate or ineffective.' " *Id.* at 120 (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002)).

The Connecticut court ultimately denied McCarthy's § 2255 motion. It does not appear to have ruled on his denial of counsel claim, but it later granted a certificate of appealability on that issue. *See United States v. McCarthy*, D. Conn.Crim. No. 92–cr–00070, Docket No. 423 (June 5, 2009 Order). McCarthy appealed. The Second Circuit Court of Appeals, after specifically noting his denial of counsel claim, dismissed his appeal because it "lacks an arguable basis in law or fact." *McCarthy v. United States*, 2d Cir. No. 09–1114 (Nov. 18, 2009 Order). The United States Supreme Court denied certiorari. *McCarthy v. United States*, —— U.S. ——, 130 S.Ct. 1553, 176 L.Ed.2d 106 (2010).

Undeterred, McCarthy filed what he captioned as a petition for the writs of habeas corpus, coram nobis and audita querela in the United States District Court for the District of Colorado, where he had been transferred. He again asserted his underlying denial of counsel claim and argued that he could proceed under § 2241 and the All Writs Act because the Connecticut court did not rule on his claim. The Colorado court denied the petition, noting both that McCarthy's claim must be brought under § 2255 and that the Second Circuit Court of Appeals already had addressed it. *See McCarthy v. Warden*, No. 10–1533, 2010 WL 2733665, at *2 (D.Colo. July 9, 2010). The Tenth Circuit Court of Appeals agreed. *See McCarthy v. Warden, USP Florence*, 403 Fed.Appx. 319, 320–21 (10th Cir.2010).

McCarthy has since been transferred back to the Middle District of Pennsylvania, which brings us finally to the petition at issue here. McCarthy filed in the District Court a petition attaching and seeking a ruling on the very same petition he filed in Colorado (it even bears the District of Colorado caption). A Magistrate Judge recommended dismissing the petition because his claim must be brought under § 2255 and the Second Circuit Court of Appeals already has addressed it. The Magistrate Judge further explained why McCarthy could not avoid that result by invoking the writs of coram nobis, *see United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir.2000), or audita querela, *see Massey v. United States*, 581 F.3d 172, 174 (3d Cir.2009). The District Court agreed and dismissed the petition by order entered January 7, 2011.

McCarthy appeals. He does not require a certificate of appealability to do so, and we have jurisdiction under 28 U.S.C. § 1291. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir.2009); *Baptiste*, 223 F.3d at 189 n. 1. To the extent that McCarthy's petition can be construed as a habeas petition under § 2241, we will not revisit our ruling that he must pursue his claim under § 2255, which he has done. *See*

*Queen v. Miner,* 530 F.3d 253, 255 (3d Cir.2008). As for his reliance on extraordinary writs, it should go without saying that his remedy for any perceived error in the Connecticut court's ruling was his appeals to the Second Circuit Court of Appeals and the United States Supreme Court. The fact that those appeals proved unsuccessful does mean that there is a gap in the remedy provided by § 2255 that resort to these writs is necessary to fill. *See Massey,* 581 F.3d at 174.

Accordingly, we will affirm the judgment of the District Court. We caution McCarthy that we may consider imposing an anti-filing injunction if he persists in raising duplicative claims in this Court, as the Second Circuit Court of Appeals long ago found it necessary to do. *See McCarthy v. Ayers,* 2d Cir. No. 96–2955 (Sept. 16, 1997 Order); *see also McCarthy v. Meachum,* No. 94–0238, 1996 WL 905938, at *2 (D.Conn. Nov. 15, 1996) (surveying McCarthy's conduct during the 136 actions he had filed by that point).